ANNA UECKER v. JOHN ZUERCHER ET AL.

Decided March 3, 1909.

**1.—Pleading—Insanity—Judgment in Inquest—Guardianship.**

Where the plaintiff sought to cancel her deed on the ground, among others, that she was of unsound mind at the time she executed it, and her son asked and obtained leave to prosecute the case as next friend, and alleged that on a day subsequent to the execution of the deed plaintiff was adjudged to be of unsound mind by the Probate Court and that he was appointed guardian of her person and estate, that the defendants contested the case in the Probate Court and by certiorari have appealed with supersedeas and that the appeal was still pending, it appeared from the allegations that the order of the Probate Court had been vacated and the appointment not in effect, and there was no error in striking out the allegation on demurrer.

**2.—Same—Trial—Harmless Error.**

Where in a suit to cancel a deed on the ground that the grantor was of unsound mind, error, if any, in refusing to strike out pleadings of defendant setting up ratification, became immaterial when the issue of ratification was not submitted.

**3.—Same—Ratification.**

Where the answer alleged ratification of the deed and sale and, as additional consideration, a contemporaneous agreement to give the grantor a home and that she had made her home on the place, allegations that defendant did not wrongfully go into possession of the property, but that he and the grantor peacefully went into possession of same because he was owner and because of said agreement and she asked and requested it, were not immaterial or irrelevant.

**4.—Same—Consideration of Deed—Evidence.**

Where the suit is to cancel a deed, and inadequacy of consideration is alleged by the plaintiff as a ground or circumstance connected with the relief asked, no rule of law denies to defendant the right to plead and prove the real consideration.

**5.—Evidence—Mental Incapacity—Harmless Error.**

Where the witness was asked to state how the plaintiff was with regard
Vol. LIV Civil—19.

to remembering and being influenced by parties, and would have answered that she was easily influenced, objection that no facts were offered to show that she was easily influenced, was not well taken; but it appearing that the witness was interested, that he had testified fully as to her mental condition, that two disinterested witnesses testified to the fact and that the jury did not accept their theory, error in sustaining the objection, if any, could not have affected the result.

### 6.—Appeal—Assignment of Error.

An assignment of error complaining of the exclusion of testimony which refers to the statement of facts, will not be considered when the facts disclose the evidence and exception but not the ground of objection.

### 7.—Parol Evidence—Written Contract.

Testimony (see appellant's brief) held not to vary or contradict the terms of the written contract.

### 8.—Evidence—Insanity—Judgment in Subsequent Inquest.

Where the action was to cancel a deed on the ground, among others, that the plaintiff was of unsound mind at the time it was executed, a judgment of the Probate Court in inquest proceedings, holding her non compos mentis and appointing a guardian of her person and estate, rendered a year after the deed in question was executed, was not admissible.

### 9.—Same.

While subsequent acts, conduct, etc., of the party alleged to have been insane at a certain time, are proper evidence, a subsequent judgment in inquest declaring the person to be of unsound mind, is not. Such a judgment is in no sense the act or conduct of the party, and to allow it to be used as testimony would tend to the substitution of the judgment of a county judge upon the facts for that of the jury who were there to try the case.

### 10.—Same—Cases Reviewed.

While it has been held in this State that a contract made with one who has been adjudged insane and is under guardianship is void (Elston v. Jasper, 45 Texas, 409); it has not been held that a contract is affected in any manner by such proceedings had after the making of the contract; nor that such subsequent proceedings can be looked to as a material fact in determining the state of the party's mind when the contract was made. Cases reviewed, Boehme v. Sovereign Camp, 98 Texas, 376; McCamant v. Roberts, 66 Texas, 260.

### 11.—Mental Incapacity—Charge—Conveyance.

The transaction in question being a conveyance, and the court having submitted the issue whether at the time the grantor executed the deed she had the mental capacity to and was capable of understanding that by the execution of said deed she was parting with the title to said property and vesting title to same in the grantees for the consideration claimed by them, objection that the proper test was her mental capacity to understand the nature and effect of the transaction, was without merit.

### 12.—Same—Charge.

Where the petition, in an action to cancel a deed, set up fraud and imposition in the obtaining of the deed, and the proof of fraud and imposition was, in substance, that the grantor did not understand that she was signing a deed, and that she was led to believe that the grantees were to have the use of the property for taking care of her, and the court in submitted special issues required the jury to find whether she, at the time of executing the deed, believed she was simply making a contract with the defendants by the terms of which the latter were to have the use of the property free of rent for taking care of her, this submitted the very issue made, and was more than liberal to defendants.

### 13.—Deed—Consideration—Contract Executed at Same Time.

Where a written contract was signed by the parties at the time the deed

was executed and the two formed one transaction, the contract being an agreement by the grantees to care for and maintain and keep the grantor during her life, it was a part of the consideration for the deed, and in legal contemplation had the same effect as if it had been incorporated in the deed.

Appeal from the District Court of Bexar County. · Tried below before the Hon. J. L. Camp.

*Guinn & McNeill,* for appellant.—Where one of the issues in the case is the mental capacity of a party, a decree of a court of record adjudging such party to be of unsound mind and appointing a guardian of her person and estate is proper matter to be set up in the pleadings as well as shown in the proof. Herndon v. Vick, 45 S. W., 852; Clapp v. Branch, 32 S. W., 735; Grimes v. Shaw, 21 S. W., 718; Cline v. Hackbarth, 71 S. W., 49; Murphy v. Citizens' Bank, 100 S. W., 894.

Where a person is insane at the time they enter into a contract, subsequent acts supposed to be in ratification of the original contract can not be shown without first alleging and proving that the insane party had been restored to reason at the time of such acts of ratification. The defendants nowhere allege that the mental condition of the plaintiff ever changed, or that it was different at the time of the alleged acts of ratification from what it was at the time of entering into the original contract.

The tenth paragraph of defendants' answer sets up a consideration for the land in addition to that named in the written instrument executed by the parties at the time and inconsistent and contradictory of the terms of such written instrument, and for that reason should have been stricken out. Ord v. Waller, 107 S. W., 1166; Kansas City Box Co. v. Spies, 109 S. W., 432.

The contracts between the plaintiff and the defendants in reference to the sale of her property and that in reference to her support and maintenance having been reduced to writing, it was · error to admit the parol testimony complained of as same tended to vary, add to, and contradict the terms of such written contract. The testimony of H. B. Salliway is as follows:

"Some time in the early part of May, 1906, I got acquainted with John and Wiliam Zuercher and Mrs. Uecker. They came into my office and were introduced to me by Mr. Mathews. She stated to me that she wanted to sell this property to the boys that had married her daughters—to her sons-in-law and her daughters. She stated further that she wanted to go back to the ranch to live; that she wanted to sell this property for $2,200 and a further consideration that the boys were to take care of her and provide for her the balance of her life. I suggested that instead of setting out the consideration for support and maintenance in the deed that it would be better to put it in a separate contract; that in my judgment it would be more binding on them to support her than to embody it in the deed. She acquiesced in this and said that it was best, and the deed was drawn up that way. It was explained to her and she signed it, and it was given to John and William Zuercher, they paying her $200 in the office. She wanted this expression 'support and maintenance dur-

ing her life' in the deed. I didn't put it in the deed because I thought it better the other way. I might have made a mistake—an error in judgment. I read the extra contract to her that John and William Zuercher signed. I told her that I thought it was best to have the support and maintenance in a separate contract—that it would make it more binding on them. I did not intend to put it in the deed. I drew up the deed just like. I intended to do it. She agreed to it after it was written and read to her. Her instruction and direction to me was to make a part of the consideration for the land the obligation of the Zuerchers to support, maintain and furnish her a home for the rest of her life. I didn't put it in the deed; I put it in a separate instrument. I thought I was doing it correctly." Kahn v. Kahn (Texas Sup. Ct.), 58 S. W., 825; Blake v. Lowry, 93 S. W., 521; Texas & P. Coal Co. v. Lawson, 31 S. W., 846; Teague v. Teague, 71 S. W., 555; Sanborn v. Murphy, 25 S. W., 611; Jackson v. Martin, 73 S. W., 832.

Court records showing proceedings in reference to appointment of guardian and decree of the court adjudging a party to be of unsound mind, are admissible in evidence for the purpose of showing mental unsoundness. Herndon v. Vick, 45 S. W., 852; Clapp v. Branch, 32 S. W., 735; Grimes v. Shaw, 21 S. W., 718; Murphy v. Citizens' Bank, 100 S. W., 894; 23 Cyc., p. 1233; Williams v. Sapieha, 62 S. W., 72; 22 Cyc., pp. 1117 and 1118.

*H. B. Salliway* and *D. A. McAskill,* for appellees.

JAMES, CHIEF JUSTICE.—The first amended original petition was by Anna Uecker to cancel a deed executed by her on May 16, 1906, to the appellees, reciting the consideration of $200 cash and a vendor's lien note for $2,000, upon the ground that at the time she executed it she was incompetent to do so by reason of the weakness of her mind to comprehend and understand the nature of the transaction or the effect of the instrument. This pleading alleged also that the consideration received by her was insufficient and inadequate, that she signed it under a misapprehension of its contents brought about by the fraud and deception of defendants, and that they also misrepresented to her the force and effect of said instrument and its consideration.

The answer denied any mental weakness or incompetency on her part or fraud on the defendant's part; that in addition to the consideration stated in the deed there was a further consideration for the land, same being set out in a contract in writing of same date reciting a small consideration, wherein defendants agreed to support, maintain and keep the said Anna Uecker during her life. That the agreement set out in the written contract and the further oral agreement that they would move on the ranch and give her a home there, was a part of the consideration to be received by her for the land. Defendant further pleaded that plaintiff had ratified the deed by various acts, such as living with the defendants and accepting interest payments on the $2,000 note. There were supplemental pleadings, but the above is the statement of the pleadings given in appellant's

brief and adopted as correct by appellees. The case was submitted by special issues, with verdict for defendants.

It appears that the amended original petition was filed by Anna Uecker. It appears further that Herman Harms, a son of plaintiff, subsequently filed a petition suggesting the mental incapacity of Anna Uecker, praying to be permitted to come in and prosecute the action in her name and behalf as next friend. The court appears to have allowed this to be done, as the decree shows.

In his said petition Harms alleged, among other things, "That on the ⸺ day of May, 1907, she (Anna Uecker) was formally adjudged to be of unsound mind by the Probate Court of Bexar County, Texas, and this petitioner was duly appointed and confirmed by said court as guardian of her person and estate, which action of the court the said defendants Zuerchers contested, and by writ of certiorari have appealed said cause for revision and correction and filed bond superseding said judgment of the Probate Court, which appeal is now pending." This allegation was stricken out on demurrer, and this is the complaint of the first assignment of error. Inasmuch as it appeared from the allegation that the order of the Probate Court had been vacated by the certiorari proceeding and the appointment was not in effect, there was no error in the ruling. (Texas Trunk Ry. v. Jackson Bros., 85 Texas, 605.)

The second assignment complains that the court refused to strike out, upon an exception, the fourth clause of the third amended answer. The first proposition is overruled for the reason that it appears that the allegation, claimed to be omitted from the clause, is alleged elsewhere in the pleading. The second proposition is this: "When a person is insane at the time she enters into a contract, subsequent acts supposed to be in ratification of the original contract can not be shown without first alleging and proving that the insane party has been restored to reason at the time of such acts of ratification." Inasmuch as the issue of ratification was not submitted, there is nothing substantial or pertinent in the proposition. Besides this, the petition sought to set aside the deed also on the ground of imposition and fraud (proceeding upon the theory of her sanity); and acts of ratification on her part would not necessarily have reference to her being insane.

The third assignment complains of the overruling of an exception to this clause of the answer: "And for further answer these defendants state that they did not wrongfully go into possession of this property, but say that John Zuercher and Mrs. Anna Uecker, the mother of his wife, peacefully went into possession of same because he was the owner of same and because of an agreement with his mother-in-law that he was to move thereon and give her a home upon the ranch; that he had agreed to do this, and she asked and requested him to move thereon, and that she wanted in her old age to return to the ranch where she had spent nearly all her life and remain the balance of her life." The exception to this was that it did not show when such agreement was made or the consideration therefor; that it was immaterial and irrelevant, and attempted to inject into the case an immaterial issue; that it was argumentative, and a pleading of the

evidence. It should be borne in mind that this answer contained pleading of a ratification of the sale. True, this feature was afterwards eliminated by not submitting such matter to the jury, but at the time this exception was presented the allegation contained in the clause did not appear to be irrelevant, immaterial, and foreign to the issues made by the pleadings. It is also contended that this clause should have shown the time such agreement was made and the consideration therefor in order that its connection with the main transaction may be seen and its relevancy and materiality arrived at. We find that elsewhere in the answer it was alleged that plaintiff moved with John Zuercher "to the ranch and has made her home there in accordance with the agreement and getting her rights under a valid agreement, forming a consideration for the conveyance." It is evident that the agreement referred to was the one alleged as being a part of the consideration of the deed.

The fourth assignment relates to another exception, the nature of which is disclosed by appellant's proposition: "The tenth paragraph of defendants' answer sets up a consideration for the land in addition to that named in the written instrument executed by the parties at the time, and inconsistent and contradictory of the terms of such written instrument, and for that reason should have been stricken out." Appellant is evidently contending that no consideration for the land could be shown except that expressed in the deed of conveyance. Inadequacy of consideration is alleged by plaintiff as a ground or circumstance connected with the relief asked, and in such a case we know of no rule denying defendant the right to plead and prove the real consideration.

The fifth is that the court erred in sustaining objection to the question propounded to Harms: "State how she is with regard to remembering and being influenced by parties." He would have answered that she was easily influenced. The objection was that there were no facts offered to show that she was easily influenced. The objection was not a good one, as the answer would have been the statement of a fact. The evidence was perhaps admissible. But we have come to the conclusion that it is apparent that plaintiff's case was not prejudiced by the ruling. In the first place, Harms was an interested witness and there were at least two disinterested witnesses who testified to the fact, and yet the jury found against plaintiff. In the second place, Harms' testimony in reference to plaintiff's condition, concerning which he testified very fully, was not accepted by the jury, and it is not to be supposed, from what is said above, that if he had been allowed to give the additional testimony objected to, it would have made any difference in the result.

The sixth assignment complains of the exclusion of certain testimony by Harms and others. The brief refers us to no bill of exception. It does refer to the statement of facts where we find that the court sustained defendants' objection to this testimony, and, the objection being sustained, plaintiff excepted. No mention, however, is made of the ground of the objection. (Ingenhuett v. Hunt, 15 Texas Civ. App., 248.)

The seventh complains of the admission of testimony of H. B.

Salliway of conversations between him and plaintiff in his office in reference to the terms of the deed and agreement entered into by her and the defendants. The eighth complains of similar testimony by witnesses Mathews and John Zuercher. The proposition advanced is that the deed and agreement having been reduced to writing, parol testimony was inadmissible to vary, add to or contradict the same. The testimony of H. B. Salliway, as it is copied in appellant's brief under the seventh assignment, does not vary or contradict the terms of the writings. And the testimony of the other two witnesses is stated in the brief as being substantially the same.

The ninth complains of the exclusion of evidence contained in the probate records showing that since the making of the deed and contract Anna Uecker had been held *non compos mentis,* that Harms had been appointed the guardian of her person and estate, and that said judgment had not been set aside and annulled. This evidence was objected to upon the ground that it was immaterial, foreign to the issue before the court, and could not be *res judicata,* had nothing to do with the case, and that same took place about one year subsequent to the making of the deed. The proposition contended for is that such an adjudication was admissible for the purpose of showing mental unsoundness.

We can not, in passing on this question, have reference to the pleading of Harms which alleged that the judgment of the Probate Court had been superseded by an appellate proceeding, because that part of his pleading had been stricken from it. We must take it for granted that plaintiff would have shown, as the bill shows he offered to do, that the judgment had not been set aside or annulled in any manner, and therefore the question seems to be squarely presented as to the admissibility of such a judgment, rendered a year after the deed in question was executed, as evidence relevant to the question of the grantor's sanity a year previous.

The courts have adopted a liberal rule of admitting evidence of acts, conduct, etc., of the person, both prior and subsequent to the time of the execution of the instrument in question, in inquiries of this nature. As stated in Hamburger v. Rinkel, 64 S. W., 106, "Evidence of the condition of the mind of the testator before and after making a will is admitted of course for the sole purpose of shedding light upon his mental condition at the time of executing the will." See also Williams v. Sapieha, 62 S. W., 72. The acts, conduct and peculiarities, etc., of the person before and after the time are allowed.

The judgment offered was evidently one adjudging plaintiff of unsound mind as preliminary to the granting of guardianship of her person and estate. The determination of her mental capacity for that purpose was a matter within the jurisdiction of the county judge, but it was nothing more than an adjudication of her condition at that time. Perhaps the evidence on that hearing was much the same as that in this record, and it probably was, for there was evidence on this trial that no changes have taken place in plaintiff's condition for a considerable period. It seems to us an unsound and dangerous rule which would permit either side to use the judgment of the county

judge to strengthen the facts. We presume that if the county judge had ruled that plaintiff was of sound mind and had refused to appoint a guardian, appellees would have endeavored to have the prestige of that court's views to fortify their theory of the evidence. We think that while subsequent acts, conduct, etc., of the party are proper evidence, a subsequent judgment, such as we have here, declaring the person to be of unsound mind at that later time, is not. Such judgment is in no sense the act or conduct of the party, and to allow it to be used as testimony would tend to the substitution of the judgment of the county judge upon the facts for that of the jury who were there to try this case.

It has been decided in this State that a contract made with one who has been adjudged insane and, is under guardianship, is void. (Elston v. Jasper, 45 Texas, 409.) But it has not been held in this State that a contract is affected in any manner by such proceedings had after the making of the contract, nor that such subsequent proceedings can be looked to as a material fact in determining the state of the party's mind when the contract was made. What is said by the Supreme Court in Boehme v. Sovereign Camp, 98 Texas, 376, and in McCamant v. Roberts, 66 Texas, 260, is not in line with the view that the subsequent judgment sought to be used in this case was any evidence of insanity of plaintiff when she executed the papers in question. In a case similar to this the Supreme Court of Missouri stated: "It is claimed by defendant that as the inquest was held subsequently to the exchange of the properties, it was not competent evidence against defendant. The record was clearly inadmissible. The inquest was a judicial proceeding after the trade. Defendant was not a party to it, had no connection with it, and his rights previously acquired could in no possible way be affected thereby. It raised no presumption as against him of Rhoades' insanity at the time of the trade, which was consummated something over twenty days before the date of the inquest." (Rhoades v. Fuller, 40 S. W., 760.) This accords with our views, and determines the tenth assignment also.

The eleventh assignment complains of the first issue submitted, which was as follows: "At the time Mrs. Anna Uecker executed the deed in evidence before you, and in which she conveyed her ranch property to the defendants John and Wm. Zuercher, did she have the mental capacity to and was she capable of understanding that by the execution of the said deed she was parting with her title to said ranch property and vesting title to same in said defendants, John and Wm. Zuercher, for the consideration claimed by them?" The answer was, "Yes." It is contended that the proper test was her mental capacity to understand the nature and effect of the transaction. As the transaction in question was a conveyance of land, in its nature and effect, we are unable to perceive any foundation for this criticism.

The second special issue was as follows, to be answered if the above was answered in the affirmative: "Did the plaintiff, Mrs. Anna Uecker, at the time she executed the deed to John and Wm. Zuercher, believe she was simply making a contract with said defendants, John and Wm. Zuercher, by the terms of which they, the said John and Wm. Zuercher, were to have the use of said ranch free of rent for taking

care of her?" This was answered, "No." The propositions are, first, that this charge was not based on the pleadings and evidence. The petition set up fraud and imposition in the obtaining of the deed. Under this, the proof of fraud and imposition was, in substance, that she did not understand that she was signing a deed, and that she was led to believe that they were to have the use of the ranch for taking care of her. The court did not err in submitting the very contention made by the evidence on this issue. Second, the question was erroneous in not submitting the proper test as to whether or not fraud had been practiced upon plaintiff. The submission was, if anything, too liberal to plaintiff. If the question had been answered in the affirmative, it was evidently the purpose of the court to enter judgment upon it for plaintiff, and this upon the simple finding that she believed when she made the deed that she was making such a contract, even though she had her full faculties. Requiring the jury to further find fraud inducing such belief would have rendered the submission less effective in appellant's favor. As it resulted, however, the jury found she labored under no such idea, and unless she did the issue of fraud could not have been resolved in her favor. These remarks dispose of the twelfth, thirteenth and fourteenth assignments.

The fifteenth is overruled for the reason that there was no necessity of the jury answering the third question after answering the others as they did.

The sixteenth assignment is overruled. The deed and the contract were executed at the same time and formed one transaction. The latter was a part of the consideration for the deed and, in legal contemplation, had the same effect as if it had been incorporated in the deed instead of being taken and considered separate from the deed and destructive of it. Judgment affirmed.

*Affirmed.*

Writ of error refused.