ALLEN v. BURR'S FERRY, B. & C. RY. CO.

(Court of Civil Appeals of Texas. Galveston. Feb. 5, 1912.)

1. ABATEMENT AND REVIVAL (§ 8*)—ANOTHER ACTION PENDING.

Plaintiff's petition filed October 10, 1910, in the district court, alleged that, by reason of an obstruction in a river maintained in 1909 by defendant, 200,000 feet of pine timber and 12,-000 feet of cypress timber being floated down the river and belonging to plaintiff was lost, to plaintiff's damage in the sum of $1,400. Plaintiff's petition filed February 28, 1911, in the county court alleged that, by reason of an obstruction in the same river maintained by defendant in February, 1910, 50,000 feet of logs belonging to plaintiff was lost, and claimed damages in the sum of $350. *Held*, that the action in the county court presented a different cause of action from that in the district court, and was improperly dismissed.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39–72; Dec. Dig. § 8.*]

2. EVIDENCE (§ 471*)—OPINION EVIDENCE.

Where plaintiff instituted one suit in the district court and another in the county court against defendant for loss of logs caused by defendant's maintenance of an obstruction in a river, questions propounded to plaintiff by defendant on plaintiff being called as a witness for defendant, as to whether the loss sued for in the county court was included in the loss sued for in the district court, did not call for opinion evidence, and objection thereto on that ground was improperly sustained.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471;* Witnesses, Cent. Dig. §§ 833–836.]

Appeal from Tyler County Court; R. A. Shivers, Judge.

Action by E. E. Allen against the Burr's Ferry, Browndell & Chester Railway Company. From a judgment dismissing the petition, plaintiff appeals, and defendant cross-appeals from a ruling excluding testimony. Reversed and remanded on both appeals.

J. A. Harper and Joe. W. Thomas, for appellant. Andrews, Ball & Streetman, for appellee.

McMEANS, J. This suit was filed in the county court of Tyler county by E. E. Allen against the Burr's Ferry, Browndell & Chester Railway Company on February 28, 1911, to recover damages alleged to have been sustained by him as a result of the alleged loss of 50,000 feet of logs on or about the 15th day of February, 1910, while said logs were being floated down the Neches river to market, it being claimed that the bridge of defendant company across said river obstructed the passage of said logs, resulting in the sinking of some of them and the losing of others. Before this suit had been filed in the county court, there had been filed in the district court of Tyler county, on October 10, 1910, a suit by the said E. E. Allen against the same defendant to recover the value of 211,954 feet of pine timber or logs, and 12,-380 feet of cypress timber or logs, alleged to have been lost or destroyed on June 5, 1909, while being floated down said river, as the result of the alleged obstruction of said river by said defendant's bridge. After the filing of the suit in the county court, defendant on March 13, 1911, pleaded that there was another suit pending in the district court involving the subject-matter involved in the county court suit, and moved on account of the pendency of the district court suit that the county court suit be dismissed. On March 17, 1911, plaintiff, to meet the motion to dismiss, filed his first supplemental petition, in which he pleaded, besides other matters, the following: "That the other cause of action so pleaded as was tried in the district court of Tyler county was a different cause of action to this, in that said other suit was for damages growing out of an obstruction on June 5, 1909, this suit based on a cause of action growing out of an obstruction on February 15, 1910. Said other cause of action for timber floated down to said bridge on June 5, 1909, this for timber floated down to the bridge February 15, 1910. The said causes of action were not the same transaction, but different transactions occurring at different times, the first having no

connection with the latter. It is admitted that the same parties are at interest in said causes of action, but not admitted that said suits are the same and one transaction, or cause of action, but denied, wherefore," etc. The court, after hearing evidence upon the motion of defendant to dismiss, sustained the same and dismissed the case; and from the order of dismissal the plaintiff has appealed, and by appropriate assignments of error assails the action of the court in sustaining said motion.

[1] The evidence introduced upon the issue raised by the motions was (a) plaintiff's trial petition in the district court suit; (b) defendant's amended original answer in the district court suit; (c) judgment in the district court suit; (d) order overruling defendant's motion for a new trial in the district court suit; and (e) defendant's supersedeas bond in the district court suit. It was shown by this evidence, and it is conceded by appellee, that the parties in both suits are the same. The wording of the petitions in alleging the causes of action in both suits is in many respects identical; but that it was attempted to allege different causes of action, and did in fact do so, a reading of the petitions in both cases leaves us in but little doubt. In the district court suit the date of the alleged loss was June 5, 1909, while in the county court suit it was February 15, 1910. In the district court suit the number of feet of floating timber or logs alleged to have been obstructed by defendant's bridge on June 5, 1909, was 368,649 feet of pine and 16,491 feet of cypress timber of the aggregate value of $2,519.89, while in the county court suit the number of feet of pine timber obstructed on February 15, 1910, was 50,000 feet of the value of $350. The value of the timber alleged in the district court suit to have been lost by reason of the obstruction as it existed on June 5, 1909, was $1,470.55, while that in the county court suit alleged to have been lost by reason of the obstruction as it existed on February 15, 1910, was of the alleged value of $350. The allegations in both petitions of the value of the time lost and for labor in trying to save the timber are practically the same. The extra cost of floating a part of the timber to market after its obstruction is alleged in the petition in the district court suit to have been $100, while in the petition in the county court suit no such recovery is sought. In the district court suit he seeks to recover $215 for deprivation of the use of his money during the delay in reaching a market with his logs, due to the obstruction, while in the county court suit his damages in this regard are alleged to be $21. We think this comparison of the allegations of the petitions shows that the suit in the district court was not upon the same cause of action alleged in the petition filed in the county court, especially when the allegations of plaintiff's supplemental petition above quoted are taken into consideration, and that the court therefore erred in sustaining the motion to dismiss, and that for this error the judgment of the trial court must be reversed.

In view of this disposition of the appeal, it becomes unnecessary to pass upon other assignments presented by appellant in his brief, as the alleged errors urged in said assignments will not occur on another trial.

[2] On the trial of the issue raised by appellee on its motion to dismiss, the defendant tendered the plaintiff, E. E. Allen, as a witness, and proposed to prove by him that he was the plaintiff in this suit and in the district court suit, and that the 50,000 feet of timber sued for in this suit was included in the district court suit, and that the total number of feet sued for in the district court was all the timber placed in the river by plaintiff prior to the 1910 obstruction. Plaintiff objected to any oral evidence being admitted; his objection being that said evidence would be a matter of opinion. This objection was sustained by the court, and the defendant was not permitted to introduce said evidence. To this ruling the defendant duly excepted. This action of the court is made the basis of appellee's cross-assignment of error. The cross-assignment must be sustained. That such evidence would not be a matter of opinion and was admissible on the issue raised by the motion is, we think, too clear to require further discussion.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.