ROWAN v. HODGES et al. (No. 756.)†

(Court of Civil Appeals of Texas. Amarillo. March 27, 1915. Rehearing Denied April 17, 1915.)

1. INSANE PERSONS ⬅26—ADJUDICATION AS TO INSANITY—ADMISSIBILITY.

In a suit to set aside a conveyance on the ground of the grantor's insanity, a copy of a judgment finding him insane, rendered a year after the conveyance, is not admissible.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 35, 36; Dec. Dig. ⬅26.]

2. APPEAL AND ERROR ⬅1051 — REVIEW — HARMLESS ERROR.

The erroneous admission of incompetent evidence as to a fact abundantly established by other evidence is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⬅ 1051.]

3. TRIAL ⬅350—PROVINCE OF JURY—ISSUES.

Special issues, not supported by evidence, should not be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. ⬅350.]

4. EVIDENCE ⬅67—PRESUMPTIONS.

Where a person was insane on a certain date, there is a presumption, in the absence of proof, that the condition continues.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 87, 88, 103; Dec. Dig. ⬅67.]

5. INSANE PERSONS ⬅66 — RESCISSION OF CONTRACT—BURDEN OF PROOF.

Where a wife sought to set aside her husband's conveyance of their homestead on the ground of his insanity, defendant has the burden of proving the amount of the purchase price expended by her for necessaries.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 100–102, 104, 105; Dec. Dig. ⬅66.]

6. INSANE PERSONS ⬅66 — RESCISSION OF CONTRACT—JURY QUESTION.

In a suit to set aside her insane husband's conveyance of their homestead, the issue of the amount of the purchase price expended by plaintiff for necessaries should not be submitted to the jury, where the only evidence was that plaintiff expended part of the purchase price in renting another residence.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 100–102, 104, 105; Dec. Dig. ⬅66.]

7. INSANE PERSONS ⊜➣66 — RESCISSION OF CONTRACT—CONDITION PRECEDENT.

A wife, seeking to set aside a conveyance of their homestead by her insane husband, averred that none of the consideration had been expended by him for necessaries. There was no exception to her pleading. *Held* that, as the evidence failed to show the value of any necessaries acquired with the purchase price, the wife could recover without tendering a return of the consideration received by the husband.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 100–102, 104, 105; Dec. Dig. ⊜➣66.]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action by Pearl Harp against Mrs. M. J. Hodges, individually and as community administratrix of W. R. Hodges, in which B. Rowan and another were impleaded. From a judgment against the impleaded defendant Rowan, he appeals. Affirmed.

Graham & Graham, of Plainview, for appellant. Y. W. Holmes and W. B. Lewis, both of Plainview, for appellees.

HALL, J. Miss Pearl Harp instituted this suit in trespass to try title against Mrs. M. J. Hodges, as an individual, as well as community administratrix of her husband, W. R. Hodges, to recover the possession of and quiet the title to certain property situated in Hale county. Mrs. Hodges answered by plea of not guilty, general denial, and pleaded specially that she was the wife of W. R. Hodges; that her husband was confined in the lunatic asylum, having been adjudged insane in Montague county, the 10th of May, 1913; that at the time he conveyed the property to B. Rowan on the 11th day of April, 1912, under which deed plaintiff claims title, he was insane and incapable of transacting business and of protecting his interest; that at the time of the conveyance the property was occupied by defendant and her husband as a homestead; that they have not since owned or acquired any other home, and that she is still occupying it as a home with her minor children. In her capacity as community survivor, she alleged, further, that her husband, on April 12, 1912, and long prior thereto and ever since, was and is insane; that the land sued for is community property; that she has been appointed and qualified as community survivor; that the property was at the time of the conveyance reasonably worth $700, but was exchanged for property actually worth only $150, and that none of the consideration received for said land was expended for necessaries for said W. R. Hodges. Plaintiff, by supplemental petition, impleaded B. Rowan and I. A. Smith, seeking to recover upon the warranty of title, alleging that on February 13, 1913, defendant Rowan conveyed the property to Smith for a consideration of $700 cash and $200 in a vendor's lien note, and that on October 17, 1913, Smith con-

veyed to plaintiff, in consideration of $200 cash and the assumption of the above-described vendor's lien note. She prayed for judgment against both defendants for the $200 cash paid, with 6 per cent. interest, and for cancellation of the unpaid note, in the event Mrs. Hodges should recover.

Defendants Rowan and Smith answered, adopting the pleadings of the plaintiff as their own. There was a jury trial, and only one special issue was submitted, as follows: Was the defendant, W. R. Hodges, insane at the time he made the deed to B. Rowan for the property in controversy on April 11, 1912? This question having been answered in the affirmative, judgment was entered accordingly.

[1, 2] The first complaint is that the court erred in admitting, over plaintiff's and defendant B. Rowan's objections, a certified copy of a judgment rendered in the county court of Montague county, adjudging W. R. Hodges to be a lunatic. This judgment was entered more than a year after the execution of the deed, and according to the holding in Uecker v. Zuercher, 54 Tex. Civ. App. 289, 118 S. W. 152, the court erred in admitting it for the purpose of proving the incapacity of Hodges. The record, however, contains an abundance of testimony upon which the jury could and should have returned a verdict declaring the mental incapacity of Hodges at the time he executed the deed, and the admission of this testimony was therefore harmless.

[3, 4] By the second and third assignments of error it is insisted that the court should have submitted as. special issues to the jury the question as to whether or not Hodges at any time after the execution of the deed was sane, and, if so, did he understand the terms of the deed and disaffirm it? There is no evidence in the record showing or tending to show that Hodges ever recovered his mental faculties at any time after the execution of the deed. Two witnesses testified that during the year 1912 they had transactions with him and he appeared to be in his right mind; but, since the record conclusively shows that Hodges left Hale county within a month after the execution of the deed, it is evident that these witnesses are mistaken with reference to the year in which they transacted business with him. The jury having found that he was insane on April 11, 1912, the presumption is, in the absence of proof to the contrary, that such condition continued. Mitchell v. Inman, 156 S. W. 290. The question of subsequent ratification or affirmance by Hodges is not raised either by the pleadings of appellant or evidence, and the court did not err in refusing to submit the special issues to the jury.

[5, 6] By the fourth assignment appellant insists that the court erred in refusing to submit to the jury the third special issue request-

ed by plaintiff and defendant Rowan, as follows:

"Did W. R. Hodges or defendant M. J. Hodges use any of the proceeds derived from the sale of the goods received as consideration for the execution of the deed for the benefit of their community estate?"

Under this assignment it is insisted that a voidable contract can be annulled only by returning, or at least offering to return, the consideration received by the party seeking to avoid the same. The burden of pleading and proving the amount, if any, expended by appellee for necessaries, rested upon appellant. Brown et al. v. Brenner et al., 161 S. W. 14. The issue, if raised at all, is by the pleadings of Mrs. Hodges, by this allegation:

"That none of the consideration for said land from said Rowan went for necessaries of said W. R. Hodges."

She admitted that she expended part of the proceeds of the goods which were received by Hodges in exchange for the property in controversy for rent of a house used by herself and minor children; but the proof fails to show the amount so expended. There being no proof upon this issue, from which the jury could determine the amount, the court could not have properly submitted it.

[7] The fifth assignment directly raises the question as to the right of Mrs. Hodges to recover without first tendering the consideration received by her husband for the home. It is held in Hancock v. Haile, 171 S. W. 1053, that an offer in the pleadings to allow a credit upon her demand equal to the reasonable value of the necessaries furnished rendered an actual tender of money in such amount unnecessary. There was no exception to appellee's pleadings upon this ground, and since the evidence failed to show the value of any necessaries this assignment is without merit.

The record contains no reversible error, and the judgment is affirmed.