BLACK et al. v. BOYER et al. (No. 839.)

Court of Civil Appeals of Texas. Waco.
Oct. 24, 1929.

Rehearing Denied Dec. 5, 1929.

T. R. Mears, of Gatesville, for appellants.
McClellan & Cross, of Gatesville, for appellees.

BARCUS, J. On October 14, 1924, W. J. Black and wife, Rhoda Black, borrowed from Mrs. Lizzie Boyer the sum of $850, for which they executed their note, payable three years after date, and to secure the payment thereof executed a deed of trust on 75 acres of land in Burnet county out of the Reese survey. The deed of trust stated that said 75 acres was not their homestead, but that their homestead adjoined the 75 acres and was out of the Caperon survey. On January 6, 1925, W. J. Black died. In December, 1927, Mrs. Boyer, joined by her husband, brought this suit against Mrs. Black and the eleven children of W. J. Black and Mrs. Rhoda Black to establish the amount due on the note, principal, interest, and attorney's fees, and to foreclose the deed of trust lien. Appellants admitted the execution of the note and deed of trust, but as a defense thereto alleged that at the time same were given W. J. Black was of unsound mind. They alleged further that said 75 acres was at said time, and had been for many years prior thereto, the homestead of W. J. Black and wife, Rhoda Black.

In answer to special issues submitted, the jury found that at the time the note and deed of trust were executed, W. J. Black was not of unsound mind. They further found that no part of the 75 acres of land described in the deed of trust was any part of the homestead of Rhoda Black and W. J. Black at the time of the execution of the deed of trust. Based on said findings, the court entered judgment for appellees, establishing the amount due on said note as $1,413.53, and foreclosed the deed of trust on the 75 acres and ordered same sold.

Appellants complain of the action of the trial court in refusing to permit them to offer in evidence the complaint, charge of the court, verdict of the jury, and judgment based thereon in an insanity trial which was had in Burnet county in November, 1924, some 40 days after the note in question had been given, which revealed that W. J. Black at said time had been adjudged of unsound mind. We overrule this contention. While our courts grant a wide latitude relative to introduction of testimony to parties seeking to establish the sanity or insanity of a person, it seems at least the weight of authority is against the admission in evidence of a judgment or conviction of insanity subsequent to the execution of papers sought to be canceled by reason of the party who executed same being insane at that time. Uecker v. Zuercher, 54 Tex. Civ. App. 289, 118 S. W. 149 (error refused); Rowan v. Hodges (Tex. Civ. App.) 175 S. W. 847. The trial court permitted the witnesses to testify fully and at length with reference to the insanity trial and the facts that were produced on said trial, and the fact that W. J. Black was at said time found to be insane.

The trial court instructed the jury that the homestead of a family not in a city or town shall consist of not more than 200 acres, which may be in one or more parcels if used for homestead purposes, and further

charged the jury that the burden was on appellants, before they could hold any part of the 75 acres as their homestead, to show that they did not have as much as 200 acres in the tract designated as their homestead out of the Caperon survey. The record shows without dispute, as testified to by Mrs. Black, that she and her husband, W. J. Black, had been living in Burnet county on the same land for more than 40 years; that said land was all in one body, the house in which they lived, together with the barns, being on a public road, and part of the land being on the same side of the road with the house and barns, and part, including the 75 acres in controversy, being directly across the road in front of the house. She testified that about 30 acres of the 75 acres was in cultivation, the remainder being a pasture which joined and was connected with their other pasture land; that they had cultivated this land and had used the proceeds therefrom for all of these years in the support of their family; that they had raised a family of eleven children; that all of the property had been their homestead and used and occupied by them during all of these years, and that they were occupying same at the time the deed of trust was given; that the year the deed of trust was given they had hired a man to work the 75 acres, but that same was being worked for them and the proceeds therefrom were used to support their family. After she had testified to these facts, she was then asked how many acres of land were in the homestead, and the trial court refused to permit her to answer said question, on the objection that the deed would be the best evidence of the amount of land contained therein, to which action and ruling of the court appellant assigns error. The bill of exception shows that if she had been permitted to answer said question, she would have testified there was only 185 acres in the tract, including the 75 acres, and that the only other land she and Mr. Black owned was a 30-acre tract some several miles away, and that the 30-acre tract together with what was in their homestead tract would only amount to 215 acres. We think the trial court was in error in excluding said testimony. Whether she and Mr. Black had a deed to the property, or whether it described it as 185 acres more or less, or whether it accurately gave the description, was not material. If as a matter of fact she knew the number of acres in said tract, then she was qualified to testify to said fact. In the case of Allen v. Burr's Ferry B. & C. Ry. Co. (Tex. Civ. App.) 143 S. W. 1185, the court held that the witness should have been permitted to answer that he knew as a matter of fact that the suit being tried involved the same matters that were in litigation in another and different suit. In Kincheloe Irrigation Co. v. Hahn Bros. & Co., 105 Tex. 231, 146 S. W. 1187, the court permitted the witness to state that F. M. Bullock represented the irrigation company in making the contract, over the objection that same called for a conclusion of the witness, and in said case the Supreme Court laid down the rule that where a witness testifies that he knows a fact, he should be permitted to testify thereto. If Mrs. Black had lived on the land for more than 40 years and occupied it as a homestead, and knew the number of acres contained therein, we think it was error for the court to exclude said testimony.

Appellees contend that appellants are estopped from claiming the property in question is their homestead, because they stated in the deed of trust that the 75 acres was not their homestead, but that their homestead adjoined this tract and was on the Caperon survey. Our courts have uniformly held that where a person is actually in possession of a piece of property, occupying and using same as a homestead, at the time a mortgage or lien is attempted to be placed thereon, an affidavit or a statement made by the parties contrary thereto is of no binding force or effect, since the Constitution of this state (article 16, § 50) forbids the fixing on the homestead of a lien other than those that are expressly permitted under the terms of the Constitution. Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12. If as a matter of fact the 75 acres in controversy was a part of the homestead that was being used and occupied by W. J. Black and wife at the time the deed of trust in controversy was given, and their homestead so occupied at said time did not embrace more than 200 acres of land, including the 75 acres in controversy, then the deed of trust lien would be absolutely void, regardless of whether appellees knew said fact or not.

In a supplemental brief, appellants for the first time contend that there is fundamental error apparent of record which will necessitate a reversal of the judgment of the trial court, in that, appellee's petition does not allege that there was no administration on the estate of W. J. Black, deceased, neither does it allege that there was no necessity for administration on said estate. The law seems to be well established that in all suits by or against the heirs, in which judgment is sought to be established against the deceased or against his estate, or to recover property which belonged to the deceased, it is necessary for the petition to allege that there was no administration pending and that there was no necessity for administration upon the estate of the deceased. Bluitt v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524; Id. (Tex. Civ. App.) 8 S.W.(2d) 310, and authorities there cited. There seems to be some confusion in the authorities with reference to whether the defendants can waive the necessity of said allegation being contained in a petition by not urging a general demurrer to the petition. In the case of Bluitt v. Pearson, supra, this court certified said question to the Supreme

Court, and in said certificate called the Supreme Court's attention to the holding by the Commission of Appeals in the case of Dowlin v. Boyd (Tex. Civ. App.) 284 S. W. 636, (Com. App.) 291 S. W. 1095, to the effect that unless a general demurrer or special exception was leveled at the pleading by reason of the failure to allege said facts, same was thereby waived. As a matter of fact, in the Bluitt v. Pearson Case, supra, a general demurrer was presented to and overruled by the trial court, and the Supreme Court therefore refused to pass on said question. In this case appellants did not file or present any general demurrer or special exceptions to appellee's pleadings. In view of the fact that this case must be reversed on other grounds, and the pleadings can and likely will be amended before another trial, we do not deem it necessary to, and we do not, pass on the question whether this case would be governed by the opinion in the case of Dowlin v. Boyd, supra, or by the case of Bluitt v. Pearson, supra.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.