## SMITH v. THORNHILL.

### No. 1109—5363.

Commission of Appeals of Texas, Section B.

Feb. 4, 1931.

For former opinion, see 25 S.W.(2d) 597. For opinion of the Court of Civil Appeals, see 12 S.W.(2d) 625.

Geo. T. Burgess, of Dallas, for plaintiff in error.

Carter & Berwald, of Dallas, for defendant in error.

SHORT, P. J.

In the motion for rehearing, filed by the plaintiff in error in this case, an earnest and elaborate effort has been made to convince us that the main question decided by us in the original opinion [25 S.W.(2d) 597], to the effect that, under the facts found by the jury, and approved by the Court of Civil Appeals, viewed in their most favorable light, the rule of law applicable thereto, as laid down in the original opinion, is incorrect; and that the judgments of the trial court and the Court of Civil Appeals should have been set aside and judgment rendered in favor of the plaintiff in error. We do not think it necessary to discuss this question further than it has already been discussed, since we are convinced that, under the decisions of the Supreme Court of this state, which decisions have been followed by several Courts of Civil Appeals, in cases in which writs of error have been denied, the rule we have announced is the established one in Texas on this subject.

In the original opinion, we reached the conclusion that the trial judge, in his charge to the jury, explaining the phrase "mental capacity," as used in the issue submitted to the jury, committed an error of law, but expressed the opinion that such error was not calculated to mislead the jury to the detriment of the plaintiff in error. This charge is in these words: "At the time Minnie Lee Bovender executed the note for $1500.00, dated October 2, 1924, payable to Parlee R. Smith, and deed of trust upon certain property to secure the same * * * did Minnie Lee Bovender have sufficient mental capacity to execute said note and deed of trust. * * * To aid you in answering this question you are instructed that the term 'mental capacity' is meant that at the time of executing the note and deed of trust that the said Minnie Lee Bovender must have had sufficient mind and memory to intelligently understand the nature and effect of her act in executing the note and deed of trust upon her property."

In view of the fact that the negative of this issue is supported by a large quantity of testimony, the nature of which is such that the jury would have been justified in giving much weight to it, had it been so inclined to do, upon a reconsideration of this question we have

reached the conclusion that we were in error in declaring that the error committed by the trial judge, in his charge, was a harmless one. Miss Bovender, the alleged lunatic, might have had capacity to have understood the nature and effect of her act in executing the note and deed of trust, and yet she may not have had the capacity to intelligently understand it. The jury might have gathered from this instruction of the court Miss Bovender not only must have had the capacity to understand the transaction, but also must have had the capacity to understand all of its terms and provisions, so as to be able, intelligently, to state or discuss them.

Being unable to avoid the conclusion, in view of the state of the record, that this error of the trial court, in its charge, might not have been a harmless one, we recommend that the motion for rehearing be granted, and that the order heretofore entered in this case, affirming the judgments of the Court of Civil Appeals and of the district court, be set aside, and we recommend that both of said judgments be reversed, on account of the error discussed, and that the case be remanded to the district court for another trial.

**CURETON, C. J.**

Motion for rehearing granted; previous judgment vacated and set aside; and the judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.