## WRIGHT v. MATTHEWS et al.

### No. 10522.

Court of Civil Appeals of Texas.
San Antonio.

June 14, 1939.

Rehearing Denied July 5, 1939.

414

McCombs & Andress, of Dallas, for appellant.

Spears, Conger, Baskin & Spears, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Frank W. Matthews, purporting to act as guardian of Genoa C. McGinley, non compos mentis, against Kathryn Hughes and her husband, Foy T. Hughes, Benjamin F. Wright, and John P. Forrest, seeking to set aside a deed made by Genoa C. McGinley to Kathryn Hughes conveying Lot 14, Block 66, New City Block 3334, of the City of San Antonio, dated July 10, 1937, and further seeking to cancel a deed of trust lien securing a note in the principal sum of $2,250, held by Benjamin F. Wright, and a second deed of trust lien, securing the payment of a note in the principal sum of $475, held by John P. Forrest. Mrs. McGinley had been adjudged insane after she had signed the deed to Kathryn Hughes.

The cause was submitted to the jury and the following findings made, to-wit:

1. Genoa C. McGinley did not have sufficient mental capacity to execute the deed, dated July 10, 1937, to Kathryn Hughes, conveying said Lot No. 14.

2. That the sum of $175 was paid by Foy T. Hughes for Kathryn Hughes to Mrs. McGinley, in consideration of the execution of the deed.

3. That the $175 was used for the purpose of paying for or supplying necessaries to the said Mrs. Genoa C. McGinley.

4. That the deed from Mrs. McGinley to Mrs. Hughes was not executed in good faith, in whole or in part.

5. That the execution of the deed was not entered into by Kathryn Hughes in good faith.

5-A. That the execution of the deed was not entered into by Kathryn Hughes without fraud or imposition.

5-B. That the deed was entered into by Kathryn Hughes for a valuable consideration.

5-C. It was not entered into by Kathryn Hughes without notice of such infirmity of Genoa C. McGinley.

6. That the deed was not executed without fraud or imposition insofar as Kathryn Hughes was concerned.

7. That the deed was not executed in good faith, in whole or in part, insofar as Kathryn Hughes was concerned.

8. That the deed was not executed and delivered without knowledge on the part of Kathryn Hughes of the unsound mental condition of Genoa C. McGinley.

In keeping with the findings of the jury, judgment was entered:

(1) Cancelling, setting aside and holding for naught the deed dated July 10, 1937, from Genoa C. McGinley to Kathryn Hughes.

(2) Cancelling, setting aside and holding for naught the deed of trust executed on July 22, 1937, by Kathryn Hughes and husband to Nowlin Randolph, as trustee for the said Benjamin F. Wright.

(3) Cancelling, setting aside and holding for naught the deed of trust executed on August 18, 1937, by Kathryn Hughes and Foy T. Hughes, conveying said Lot 14 to John P. Forrest, to secure a note in the sum of $975, insofar as the same affects the rights of Genoa C. McGinley. Also canceling power of attorney executed by Kathryn and Foy T. Hughes to John P. Forrest.

(4) The judgment based upon the condition that Frank W. Matthews, as guardian, pay into the registry of the court the sum of $232, to reimburse Kathryn and Foy T. Hughes for taxes paid by them, and the sum of $175 to reimburse the Hughes for the consideration paid.

(5) Granting personal judgment in favor of Benjamin F. Wright against Kathryn

and Foy T. Hughes for the amount of principal and interest due on the Wright note, but allowing no foreclosure.

(6) Discharging C. N. Wideman as receiver of the property.

From this judgment Benjamin F. Wright alone has prosecuted this appeal.

Appellant's first assignment is without merit and is overruled.

■ Appellant next contends that appellee should not be granted cancellation in equity as against an innocent third party mortgagee, with supervening equities, when the appellee has the legal right to recover damages against Kathryn Hughes. We overrule this contention. The law is settled in this State that the deed of an insane person or minor may be cancelled and set aside, even though there be supervening equities of innocent persons without first showing that there is no adequate remedy at law. McCleskey v. McCleskey, Tex.Civ.App., 7 S.W.2d 657; Mitchell v. Inman, Tex.Civ. App., 156 S.W. 290.

■ Appellant next contends that Frank W. Matthews was not the legal guardian of Mrs. McGinley, but that his appointment was void because the proceedings in the county court reveal that Mrs. McGinley was not served with personal notice of his application to be appointed her guardian, as is required by Article 4116, R.C.S.1925; such article being made applicable here by the provisions of Art. 4274, R.C.S.1925. We overrule this contention. The judgment appointing Frank W. Matthews as guardian recites that "due notice of such application has been given," and such recital is controlling, and the remainder of the record may not be looked to for the purpose of seeing if there was notice, when only a collateral attack is being made on the judgment. 25 Tex.Jur. p. 853, § 328; Vick v. Downing, 120 S.W.2d 280; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932.

■ Appellant next contends that it was error to admit in evidence the lunacy proceedings against Genoa C. McGinley, had subsequent to the execution of the deed to Kathryn Hughes. We sustain this contention. The proceedings were offered for a limited purpose, but this does not change the situation. Genoa C. McGinley had not been adjudged to be of unsound mind at the time that she executed the deed to Kathryn Hughes, and the lunacy proceedings had subsequently were not admissible in evidence for any purpose. Uecker v. Zuer-

cher, 54 Tex.Civ.App. 289, 118 S.W. 149; Black v. Boyer, Tex.Civ.App., 21 S.W.2d 1094; Rowan v. Hodges, Tex.Civ.App., 175 S.W. 847.

■ A judgment of sanity or insanity is not res judicata at a prior or subsequent date to that of its determination. Taylor v. Taylor, Tex.Civ.App., 91 S.W.2d 394; Lindsay v. Woods, Tex.Civ.App., 27 S.W. 2d 263; Black v. Boyer, supra.

■ The witnesses Dr. T. N. Goodson and Dr. T. E. Christian were permitted, over the objection of appellant, to testify, in effect, that Mrs. McGinley did not have mental capacity to understand and appreciate the nature and consequence of her acts. This was error. The following is a quotation found in Brown v. Mitchell, 88 Tex. 350, 31 S.W. 621, 628, 36 L.R.A. 64, to-wit: "It is for the jury, under the instruction of the court as to what is sufficient mental capacity to make a will, to decide on its existence or nonexistence when the will was executed from the facts testified to by the witness, and not from the witness' opinion regarding such facts. The jury, and not the witness, are to draw the conclusion from the facts stated by the witness. The opinion of a physician as to the existence of disease or a particular malady, and its effect upon the mind, would be evidence, but a physician's opinion regarding mental capacity generally, or the mental capacity necessary to make a will, is, in the eye of the law, no better than that of any other person." See also Harrison v. Davis, Tex. Civ.App., 58 S.W.2d 1025; Jackson v. Watson, Tex.Com.App., 10 S.W.2d 977; Mills v. Cook, Tex.Civ.App., 57 S.W. 81; Milner v. Sims, Tex.Civ.App., 171 S.W. 784; Pickering v. Harris, Tex.Com.App., 23 S.W.2d 316; Williams v. Livingston, 52 Tex.Civ. App. 275, 113 S.W. 786.

■ Appellant next contends that he is protected as an innocent mortgagee by virtue of the provisions of Article 5561a, Vernon's Revised Civil Statutes, Acts 1937, 45 Leg. p. 1049, Ch. 446. We overrule this contention. The jury found that Kathryn Hughes did not negotiate with Mrs. McGinley in good faith and without fraud or imposition, and that she had notice of Mrs. McGinley's infirmity, but even if these findings were not supported by the evidence, nevertheless, appellant would not be protected as innocent mortgagee by reason of the provisions of this article. It is conceded by appellant that the rule as it existed in this State for many years prior to

the enactment of said Art. 5561a was that an innocent mortgagee of a grantee of an insane grantor was not protected against the equitable remedy of cancellation on the part of the insane grantor. Mitchell v. Inman, supra; Houston Land & Trust Co. v. Sheldon, Tex.Civ.App., 69 S.W.2d 796.

The section of Art. 5561a relied on by appellant is section 7, and reads as follows: "A contract valid on its face, made with, or likewise a conveyance made by a person, who at the time has not been legally adjudged to be of unsound mind, or otherwise incompetent, and who is subsequently shown to have been insane, or otherwise incompetent, at the time of the execution of such contract or conveyance, shall not be set aside or avoided where any such contract or conveyance has been executed in good faith in whole or in part, and was entered into in good faith and without fraud or imposition and for a valuable consideration, without notice of such infirmity, unless the parties to such contract or conveyance shall have been first equitably restored to their original position. The provisions of this Article shall not apply to cases where one of the parties to any such contract or conveyance is insane, and has been so adjudged by a court of competent jurisdiction prior to the date of such contract or conveyance."

This section simply provides that where the conditions set forth exist cancellation cannot be had by an insane grantor "unless the parties to such * * * conveyance shall have been first equitably restored to their original position."

The judgment herein requires that the party to the conveyance be equitably restored to her original position. The appellant was not a party to the conveyance, and therefore was not entitled, under the provisions of this section, to be equitably restored to his original position.

We find nothing in the act including the emergency clause, which would justify this Court in upsetting the rule so well settled in this State, which gives an innocent mortgagee no protection against the right of an insane grantor to have cancellation of his deed executed while he is of unsound mind.

We sustain appellant's contention that the definition of mental capacity given by the court was erroneous. The court in defining mental capacity said "that at the time of the execution of the deed that the said Genoa C. McGinley must have had sufficient mind and memory to intelligently understand the nature and effect of her act in executing a deed upon property." She would not necessarily have to "intelligently" understand the nature and effect of her act. It would be sufficient if she understood the nature and effect of her act. Smith v. Thornhill, Tex.Com.App., 34 S.W.2d 803.

The other errors complained of will probably not arise upon another trial and for that reason we here pretermit a discussion of them.

For the error above pointed out, the judgment will be reversed and the cause remanded.