**Ex parte Olive Ellen BANDY, Deceased.**

**W. A. GOODWIN**

**v.**

**Lillie Mae BIVENS.**

**No. 6758.**

Court of Civil Appeals of Texas.

Beaumont.

May 27, 1965.

Motion for Rehearing Overruled
June 23, 1965.

John Blair, Beaumont, B. T. McWhorter, Port Arthur, for appellants.

Howard C. Sadler, Port Arthur, for appellee.

STEPHENSON, Justice.

This is a will contest. The will of Olive Ellen Bandy, deceased, was admitted to probate. Trial was by jury, and the jury found that the testatrix was of sound mind at the time of the execution of the will, and that the will was not procured through undue influence. No contention is made that these findings were not supported by

the evidence. All of the points of error are as to exclusion of evidence. The parties will be designated as proponents and contestants, as they were in the trial court.

The will in question was made January 15, 1958, when testatrix was 87 years of age. She died September 26, 1962, at the age of 91. According to the will admitted to probate, all of the estate was left to two neighbors, the proponents in this action. The contestants are all nieces and nephews of the testatrix.

Contestants' first point is that the trial court erred in sustaining proponents' motion in limine. The order complained' of read in part as follows:

"On this the 28th day of April, 1964, at 8:50 A.M. before any evidence is presented in the above captioned and numbered cause, but after the Jury has been selected, and all pleadings read to the Jury, the Court hereby orders as follows:

"That the Honorable John Blair and the Honorable W. T. McWhorter, attorneys of record, for the Contestants, are ordered not to introduce into evidence any of the following documents:

"(a) An application signed by Willie B. Kipp and dated January 9, 1958, to have Olive Ellen Bandy declared a mentally ill person filed January 10, 1958.

"(b) Ex Parte orders dated January 10, 1958, in regard thereto.

"(c) Notice of hearing pertaining to temporary hospitalization filed January 14, 1958.

"(d) Ex Parte affidavits by Drs. James Makins and E. C. McRee filed in said proceeding on the 10th day of January, 1958.

"(e) Order regarding another Ex Parte hearing dated January 17, 1958.

"(f) Motion for a new trial filed January 20, 1958.

"(g) Order entered January 24, 1958, granting said motion for a new trial.

"(h) Order dated January 31, 1958, granting a setting for said case for February 5, 1958; and

"(i) An acceptance of patient showing file mark January 22, 1958.

"Further, the Honorable John Blair and W. T. McWhorter are ordered not to allude to the said instruments above listed or other proceedings styled Cause No. 17361 styled Mrs. Olive Bandy, Mental Illness."

January 29, 1964, the trial court had sustained a previous motion in limine by order reading as follows:

"Ordered, Adjudged and Decreed that counsel of record is instructed not to allude or refer to any proceedings, whether pleadings, affidavits or orders in Cause No. 17,361, or the guardianship proceedings without first approaching the bench and in a manner and tone of voice that the jury cannot hear, or during a recess, if necessary, to let the Court rule on the offer of evidence, piece by piece."

By bill of exception, contestants tendered in evidence certified copies of the following proceedings in Cause No. 17,361, styled, "The State of Texas for the Best Interest and Protection of Mrs. Olive E. Bandy as a Mentally Ill Person":

"(1) File mark of Application dated January 10, 1958.

"(2) Certificate sworn to by Dr. E. C. McRee filed January 10, 1958, stating that he had examined Olive E. Bandy on January 8, 1958 and that in his opinion she was suffering from cerebral arterio-sclerosis on that date and that she was mentally ill and should be placed under protective custody.

"(3) Certificate sworn to by Dr. James Makins, filed January 10, 1958, stating that he had examined Olive E. Bandy on January 9, 1958 and that in his opinion she was suffering from arterio-sclerosis and dementia on that date, and that she was mentally ill and should be placed under protective custody.

"(4) Notice setting hearing for January 17, 1958, dated January 10, 1958, issued by the County Judge, showing service on Mrs. Olive Bandy on January 13, 1958.

"(5) Judgment of the County Court dated January 17, 1958, in which the Court, on the basis of the application filed on January 10, 1958, adjudged Mrs. Olive Bandy a mentally ill person and committed her as a patient to Oakridge Sanitarium in Austin, Texas, under the supervision of Dr. David Wade.

"(6) Commitment of the patient, Mrs. Olive Bandy, to Oakridge Sanitarium for observation and treatment, dated January 17, 1958.

"(7) Order dated January 27, 1958 after hearing on January 20, 1958, granting a new trial and placing the care, custody and control of Mrs. Bandy to, 'Mr. Weldon Denbo and Mrs. B. M. McLaughlin, and/or Miss Lillie Mae Bevins and Mrs. Eliza Durham', and further reciting that the said 'Miss Lillie Mae Bevins and Mrs. Eliza Durham are citizens of Port Arthur, Jefferson County, Texas, and are responsible citizens have also agreed to assume the care and maintenance of Mrs. Bandy * * *.' "

The refusal of the trial court to permit contestants to introduce any of these matters in evidence is assigned as error.

Contestants also complain of the action of the trial court in excluding evidence as to guardianship proceedings. The bill of exceptions shows an application for guardianship for the testatrix was filed March 7, 1958, and by order dated March 27, 1958, she was declared a person of unsound mind and one of the proponents, Lillie Mae Bevins, was appointed guardian of her person. Other matters in such guardianship which were excluded were the following: Oath and bond of Lillie Mae Bevins; Claims made for services by Lillie Mae Bevins and Mrs. V. D. Durham; Claim of Jack Voyles for legal services.

The judgment finding the testatrix to be a mentally ill person and committing her to the Oakridge Sanitarium was dated two days after the will was executed. The judgment in the guardianship proceeding was dated two and one-half months after the will was executed. No cases have been cited to us involving the admissibility of such judgments in a will contest. The law is settled that in an action to set aside a deed, such judgments which are subsequent in time to the date of execution of the deed are not admissible in evidence. Wright v. Matthews, Tex.Civ.App., 130 S.W.2d 413; Joy v. Joy, Tex.Civ.App., 156 S.W.2d 547. We hold the same rule is applicable to this will contest. The acts and conduct of the testatrix both before and after the execution of the will were admissible, if not too remote, but subsequent judgments were not. All of the other matters set out in the bills of exceptions were likewise not admissible. The points are overruled.

Affirmed.