### A. C. HERNDON, GUARDIAN, v. ANDREW J. VICK.

#### Delivered April 14, 1898.

**1. Foreign Law Must be Proved, When—Judgment.**

Where it is necessary in order to show a right asserted here under a judgment which results from a law of another State where it is rendered, peculiar to that law, or different from the effect which such a judgment would have under the law here, the law of such other State must be alleged and proved as a fact, otherwise the court must determine the effect of the judgment from the law judicially known to it here.

**2. Judgment of Lunacy—Effect as Evidence.**

A judgment pronounced upon an inquisition of lunacy and appointing a guardian for the non compos is prima facie evidence of the then mental unsoundness adjudged to exist, even as against strangers to the proceeding.

**3. Same—Mental Unsoundness Presumed to Continue.**

An issue as to mental incapacity is improperly submitted to the jury when the judgment of a court of another State establishing prima facie the mental unsoundness of the party is in evidence, and there is no proof to the contrary or to indicate a change in his mental condition.

**4. Same—As Affecting Title to Land,**

The decree of a court of another State determining the mental condition of a citizen of that State brought within its jurisdiction is evidence whereby the title to land situated in another State may be determined.

**5. Charge of Court—Burden of Proof.**

The application of the rule that the court shall not submit to the jury, as doubtful, an issue upon which the evidence leaves no doubt, does not depend upon the burden of proof.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

*James Masterson* and *Baker, Botts, Baker & Lovett,* for appellant.

*Ewing & Ring,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—This case was before this court on a former appeal, and the opinion affirming the judgment of the District Court is reported in 33 Southwestern Reporter, 1011. A writ of

error from that judgment was granted by the Supreme Court, and the judgment of this court, as well as that of the District Court, in favor of the present appellee, was reversed and the cause was remanded for a new trial. Upon a second trial Vick again prevailed, and the present appeal is prosecuted from the judgment in his favor.

There are many assignments of error based upon rulings of the court below, but while we have carefully considered all of them, we deem it unnecessary to say more than that we find in none of them, save one, just ground for complaint against the judgment.

The nature of the case and the issues involved in it will appear from the reports of the former appeal.

As against Frederick Cole, appellant's ward, appellee relied, among other things, upon the defense of limitation growing out of adverse possession commenced in 1867 and maintained until the institution of this suit. The facts were sufficient to establish this defense conclusively, both under the five and ten years statutes, if not under that of three years, unless avoided by the fact alleged by appellant that during the whole of such time Frederick Cole was of unsound mind. To prove this fact appellant introduced the certificate of the register of the probate court of York County, Maine, where Frederick Cole has resided since about 1840, that Cole was, on the 1st day of November, 1864, adjudged by that court non compos mentis, and a guardian was appointed for him and qualified. The certificate further states that the appointment was, on the 15th day of November, 1892, in full force. This certificate was admitted in evidence under an agreement that it should have like effect as a copy of the judgment duly certified, but reserving all other objections. In addition to this appellant offered the evidence of a number of witnesses, residents of York County, Maine, who stated their long acquaintance with Cole, extending back to about 1840, giving their observations of his appearance and their opinions that during all of the period in question he was of unsound mind, and incapable of transacting business. We deem it unnecessary to detail this evidence. There is nothing in it to impair the effect of the judgment. It did appear that Cole at some time had learned to read, but could not write; that he knew his age and was not restrained; that he went about free from restraint, but that he had never had any employment or business. The witnesses spoke of him as foolish, and his condition was attributed to partial paralysis with which he was afflicted when a child, and there is no evidence of any change in his mental condition. Among the witnesses was the guardian, and from his testimony it appears that he has been such since his appointment certified to by the clerk. Nothing was offered by appellee to rebut this evidence. Upon this subject the court instructed the jury as follows:

"If the jury should determine that said Jeremiah became the owner of such land, and that said Frederick is the child and issue of said Jeremiah and Elizabeth Cole, then the next question for the jury is, has said Frederick been, since and on March 30, 1870, to within less than five years

before suit herein, a person of unsound mind? The law is, that limitation does not run against a person of unsound mind, such disability forming an exception, yet, although the mind of a person may be to some extent impaired by disease, still if such person has the ability to transact the ordinary affairs of life, to understand their nature and effect, and to exercise his will in relation to them, he is not deemed of unsound mind in the sense of the law. If, with this explanation, the jury believe from the evidence that said Frederick was of unsound mind on March 30, 1870, and so continued within less than five years before suit herein, then the jury will so find. But if, on the other hand, the jury believe from the evidence that said Frederick's mind, by disease or otherwise, had become to some extent impaired, yet that he had ability, during any of the period of time mentioned, to transact the ordinary affairs of life, to understand their nature and effect, and to exercise his will in relation to them, then the jury will find that he was not of unsound mind for the purposes of this case, in which event the jury, without inquiring further, will return a verdict for the plaintiff, Vick."

The giving of this charge is assigned to be error, because the evidence did not warrant the submission to the jury of the issue of the unsoundness of the mind of Frederick Cole. The charge states accurately the law applicable to the issue, if it was right for it to be submitted in this way to the jury. But we are constrained to hold that, as the evidence stood, the court should not have thus framed an issue upon it for the determination of the jury.

If the case stood alone upon the testimony of the witnesses, appellee's contention that the question of its sufficiency was for the jury to determine would doubtless be sound. That testimony, while it was admissible, could hardly be held so conclusive as to require the court to withhold from the jury the right to determine its effect. But when the legal effect of the judgment produced is ascertained, a different conclusion follows.

The statement in the certificate that the appointment of the guardian is still in force, may be rejected as not admitted by the agreement. The same fact is supplied by the other evidence. It is also true that the agreement does not admit that the judgment has any particular effect. It is contended by appellant that, since there is no evidence showing the law of Maine, from which can be ascertained the "faith and effect" which would be there given to such a judgment, the effect which it should have when offered in the courts of Texas can not be determined, and hence, that no effect whatever should be given to it. We do not understand the authorities relied on to so hold. Railway v. Ferry Co., 119 U. S., 551; Hanley v. Donoghue, 116 U. S., 1.

Where it is necessary, in order to show a right asserted under a judgment which results from a law of the State where it is rendered, peculiar to that law or different from the effect which such a judgment would have under the law of the State where it is sought to be used, if there rendered, the law of the former State must be alleged and proved as a

fact; otherwise, the court called upon to determine the effect of the judgment must reach its conclusion from the law judicially known to it. This we understand to be the true rule. Porcheler v. Bronson, 50 Texas, 561.

There is no statute of this State which determines the effect to be given to a judgment pronounced upon an inquisition of lunacy, and appointing a guardian for the non compos mentis, when offered to be used against strangers to the proceeding, but its effect is to be determined from rules of evidence of general application. The authorities lay it down as a rule, that such judgments, as against strangers to the proceedings, are prima facie evidence of the mental unsoundness adjudged to exist. Whart. on Ev., secs. 812, 817, ·1254; 2 Rice on Ev., p. 1080, sec. 428; Grimes v. Shaw, 2 Texas Civ. App., 23.

The proceeding in which the judgment is pronounced is treated as being one in rem fixing the mental status of the party; but from its nature it can not be conclusive evidence of the existence of such condition at a particular time, since the condition may vary. It is effectual, however, to fix the condition, and affords evidence of its existence, and hence of its continuance until rebutted. Elston v. Jasper, 45 Texas, 409.

It is urged, however, that this judgment is not evidence in this suit, because it involves no question of the authority or title of the guardian, nor the disposition or custody of any property of which the Maine court had jurisdiction, nor the personal status of the ward as relating to any contract or personal obligation or liability, but involves only the title to land in Texas over which that court had no jurisdiction. It is undoubtedly true that the guardian in Maine derived from his appointment no authority extending beyond the limits of that State. It is true also that the court which appointed him had no jurisdiction over land in Texas, and could not affect, by its judgment, title thereto. But we think it not true that the court had no power ·to determine the. personal status, the mental condition, of a citizen of that State brought within its jurisdiction. That was the matter presented for it to pass upon, and that is what it determined. It is by force of our own laws that such status comes in question in the investigation of title to land here situate, and the judgment pronounced by a court having power to determine that status, is evidence to establish the fact upon which the operation of such law depends. Its judgment fixing the status is evidence, just as a decree of a court of another State pronouncing a divorce between two of its citizens would be evidence here when the fact of divorce affected the title to lands situated here. Leggate v. Clark, 111 Mass., 308.

It was held in a case relied on by appellee (Insurance Co. v. Tisdale, 91 United States, 238), that a judgment appointing an administrator was not evidence of the death of the person whose estate was in administration, in a suit brought by the person so appointed upon a cause of action accruing to him individually, in which proof of such death was a fact essential to his recovery, as upon a policy of insurance. The same

rule is laid down in English v. Murray, 13 Texas, 366. But the holding is based upon the reason that, though the granting of administration was a proceeding in rem, the death was not the thing adjudged, which was the appointment of the administrator. The death of the party was only a fact upon which the appointment was based, but was not the res itself.

But in inquisitions of lunacy the mental condition of the party is the thing investigated and judicially determined; and the appointment of the guardian, if one is made, follows as the incident.

We must therefore hold that the legal effect of the judgment was to establish prima facie the mental unsoundness of Cole, and, without evidence tending to show the contrary, or indicative of a change in his mental condition, the court erred in submitting this issue to the jury. All of the parol evidence tended to sustain the fact adjudged, and to show the existence of a permanent condition of mind in which there had been no change. The rule which forbids the court to submit to the jury, as doubtful, an issue upon which the evidence leaves no doubt, has been so often stated that we need not dwell upon it. Its application does not depend upon the burden of proof, for the party who starts out with the burden may prove the fact, proof of which is incumbent on him, by evidence so conclusive as to leave no doubt. Nor is it a question of the shifting of the burden of proof. The proposition that the burden does not shift, does not forbid the idea that the party upon whom it rests may discharge it by uncontradicted evidence. And where he does so, it is improper for the court to assume that he has not.

The charge in the present case very properly assumed the existence of all facts about which, in the opinion of the court, the evidence left no doubt, such as the possession of the appellee, the registry of his deeds, the payment of taxes, and other facts entitling him to recover unless defeated by proof of facts which appellant was required to prove. It then submitted to the jury the issues which, in the opinion of the court, the evidence left debatable, and among them included that as to the mental condition of Cole; and in stating that, it was put both negatively and affirmatively. The effect of this was to inform the jury that this was a question which the evidence left them at liberty to decide either way. While, as we have said, it was proper to assume facts incontestably established, and select and state, for the decision of the jury, those which the evidence left in issue, yet this method made more harmful the inclusion among the latter of a question which the evidence settled without conflict. Though this evidence was open to rebuttal, there was nothing to rebut it, and hence it is no answer to say that, as it was not legally conclusive, its sufficiency was for the jury. It was practically conclusive until rebutted.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.