INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. D. B. BOYKIN ET AL.

Decided April 8, 1903.

1.—Action for Death—Abatement—Amendment.

Where a husband and wife brought suit for personal injuries sustained by the wife, and pending the action the wife died, whereupon the husband amended, setting up the wife's death as the result of the injuries and seeking to recover

the damages occasioned to himself and the wife's children. by her death, there was no error in overruling defendant's plea setting up that the original action had abated, as this was merely an abstract question, plaintiff having the right to set up by amendment an entirely new cause of action, subject only to payment of costs, and such amendment operated as an abandonment of the action for personal injuries.

**2.—Same—Parties—Minor Children.**

In the suit as made by the amendment the wife's minor children were properly joined as plaintiffs.

**3.—Same—Hearsay—Declarations to Physician.**

It being an issue in such action as to whether the deceased wife had received an injury at all, testimony by her physician that while making an examination of her she stated that she had received an injury some two weeks before that had caused her to have a miscarriage, was hearsay and inadmissible.

**4.—Same—Medical Expenses—Reasonableness.**

In an action for death expenses incurred for medical treatment need not be alleged to have been reasonable, but they must be proved to have been so to authorize recovery therefor.

**5.—Same—Measure of Damages—Charge.**

Where in an action for death the court had only charged, in a general way, that the jury, if they found for plaintiffs, could award them such a sum as would reasonably compensate them for all such damages as are the direct result of the death, that is, such sum as you may think proportionate to the injury resulting to them from the death, it was error to refuse a requested charge to the effect that the jury should allow nothing as a solace or for grief for the death of the deceased, although such damages were not specially pleaded by plaintiffs.

Appeal from the District Court of Fort Bend. Tried below before Hon. Wells Thompson.

*J. A. Read,* for appellant.

*J. V. Meek, Brockman & Kahn, F. M. O. Fenn,* and *James Slyfield,* for appellees.

GARRETT, CHIEF JUSTICE.—The plaintiff, D. B. Boykin, joined by his wife, Florence E. Boykin, brought suit in the District Court of Fort Bend County against the International & Great Northern Railroad Company on the 26th day of October, 1901, to recover damages for personal injuries alleged to have been received on or about July 16, 1901, by the said Florence E. Boykin while she was a passenger on a train of the defendant at Howden, a station on its line, on account of the negligence of the defendant in suddenly starting the train as she was about to alight, which caused her to fall against a stove and car seat and upon the floor of the coach. On April 1, 1902, the plaintiff D. B. Boykin filed a pleading in the cause styled plaintiff's second amended original petition, in which he sued for himself and as next friend for the children of himself and the said Florence E. Boykin, and set up the death of the said Florence E. Boykin, which he alleged to be the proximate result of the injuries on account of which the suit was originally instituted, and sought to recover for himself and as next friend of said children.

By the first amended original petition it was alleged, among other things, that by reason of said injuries the plaintiffs had been compelled to engage the services of physicians at great cost to themselves, to wit, the sum of about five hundred dollars, and that by reason of said injuries to the said Florence E. Boykin the plaintiffs would in the future have to spend large sums of money for the services of physicians to attend and care for her; that by reason of said injuries to said Florence E. Boykin, her physical usefulness and physical comfort in life had been permanently injured and destroyed; that before her injuries she was able to perform her household duties, reasonably worth to plaintiff, D. B. Boykin, the sum of $12 per month; that plaintiff Florence E. Boykin had suffered and would continue to suffer great physical pain and mental anxiety and distress; that by reason of the injuries inflicted upon said Florence E. Boykin, the plaintiffs had been damaged in, to wit, the sum of $50,000 actual damages, for which the defendant was liable; wherefore plaintiffs prayed for judgment for all their damages, past and prospective, suffered by the plaintiff Florence E. Boykin, and for all such sums that had been or that would have to be paid plaintiff D. B. Boykin for the services of physicians for Florence E. Boykin, also whatever loss he had been put to by reason of plaintiff Florence E. Boykin being unable to attend to her household duties, and such sums as he would lose in the future by reason of her being unable to attend to her household duties, caused by the negligence of defendant, and for such other and further relief general and special as plaintiffs might be entitled to.

Said second amended original petition filed in lieu of the first amended petition sets up the death of Florence E. Boykin from, and as being the result of, said injuries to her on account of which the suit had been in her lifetime brought; and therein and thereby plaintiff D. B. Boykin, for himself and as next friend of the children of deceased and himself, sought to recover damages for such death of Florence E. Boykin, and said second amended petition also containing the allegation: "That when said Florence E. Boykin was so injured by reason of defendant's negligence, the plaintiff D. B. Boykin had to expend large sums of money in the employment of physicians and surgeons to care for and treat her, which caused him to have to incur large expense in to wit, the sum of $1200; that prior to said injuries said Florence E. Boykin had been the wife of D. B. Boykin, had kept the household in proper order, and assisted the plaintiff D. B. Boykin in all the affairs of life, and that by reason of the death of said Florence E. Boykin plaintiff D. B. Boykin has been damaged in to wit, the sum of $15,000." Said pleading prayed "judgment for all of his (D. B. Boykin's) damages, and also judgment as next friend," etc.

After the second amended original petition was filed the defendant filed a sworn plea in abatement of the original cause of action, and special exceptions that the suit abated by the death of the said Florence E. Boykin; that there was a misjoinder of parties plaintiff and of

causes of action; and that it was not sufficiently shown whether the cause of action sought to be set up was for damages under title 57 of the Revised Statutes, or whether for other or additional damages, and if so, what damages and the amount thereof, etc. The defendant also answered to the merits. The demurrers and plea in abatement were overruled, and upon trial there was a judgment upon the verdict of a jury in favor of D. B. Boykin, for the $2500, and for $2000 for each of the four unmarried minor children.

Conceding that the amendment was an abandonment of the original cause of action, a plaintiff may amend and set up a new cause of action subject to payment of costs. Abatement of the original cause of action would not affect the prosecution of the new cause. Whether or not the defendant should have been required to answer without further service becomes immaterial in view of the disposition made of the case on this appeal, since, for reasons hereinafter stated, the judgment must be reversed, and on return of the case to the court below the appearance of the defendant will be deemed to have been entered.

The amendment properly sets up a cause of action for damages on account of injuries resulting in death, and in accordance with the uniform practice in the courts of this State the plaintiff would be subjected to no other penalty than the payment of costs up to the time of the filing of the amendment. Townes on Pleading, 311, et seq. The cause of action by the plaintiff for damages on account of injuries to the wife was abandoned by the filing of the amendment. The pendency of such a suit could not affect the right of action allowed by statute for injuries resulting in death, and the question of whether or not it would abate on the death of the wife is an abstract question in view of the filing of the amendment, and it is not necessary to decide it. There was no misjoinder of parties or of causes of action by the amendment. Each party is entitled to recover the damages suffered by him or her, and every one entitled to damages under the statute is a necessary party to the suit; and in arriving at the damages to be awarded to the husband in this suit the cost of medical expenses necessarily incurred should be taken into account. City of Galveston v. Barbour, 64 Texas, 174.

The answer of Dr. Holland as to what the deceased told him about her injury was clearly hearsay, and not authorized by the fact that he was her attending physician, and it was also not responsive to the question. The witness testified by deposition, and the question and the part of the answer objected to are set out in the eleventh assignment of error, and were as follows: "If you have stated in answer to preceding interrogatories that as a physician you saw or examined Mrs. Boykin, please state fully and in detail the occasion and reason therefor and the circumstances for each time that you did see or examine her; state minutely and in detail the nature of your examination, how you proceeded with it, and all that you did in making such examination?" Part of answer objected to: "She also said that she had received an injury some two weeks before that had caused her to have a miscarriage."

It was an issue in the case whether the deceased had received an injury at all, and the answer of the witness was clearly hearsay. Statements made to a physician as to past suffering are no more admissible as evidence in favor of the injured party than if they had been made to some other person. St. Louis S. W. Ry. Co. v. Martin, 26 Texas Civ. App., 231, 63 S. W. Rep., 1089.

We find no other error in the admission or exclusion of testimony. The evidence was sufficient to qualify Dr. Harris as an expert. The allegations of the petition setting up the expenses incurred for medical treatment were sufficient to admit evidence of the amount paid the physicians. It was not necessary to allege that the amounts paid were reasonable charges, but in making proof of them it was necessary to show that they were reasonable. Wheeler v. Railway Co., 91 Texas, 356. No evidence having been introduced to show that the amounts paid for medical services were reasonable charges, it was error for the court to refuse the special instruction requested by the defendant excluding them from the consideration of the jury.

The charge upon the measure of damages authorized the jury to find for the plaintiffs such a sum as would "reasonably compensate them for all such damages as are the direct result to them by reason of the death of Florence E. Boykin, that is, you will find for plaintiffs, if you do find for them, such sum of money as you may think proportionate to the injury resulting to them from the death of the said Florence E. Boykin." In view of the very general nature of this instruction it was error for the court to refuse the special charge requested by the defendant to the effect that if they found for the plaintiffs they should allow nothing as solace or for grief for the death of the deceased. The fact that such damages were not specially pleaded does not render the omission to charge correctly upon the measure of damages harmless error. As the judgment must be reversed for the errors indicated, we do not pass upon the assignments which assail the verdict upon the facts. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*