## NATIONAL SURETY CO. v. LANDERS.
### (No. 2448.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 23, 1921. Rehearing Denied Dec. 1, 1921.)

1. **Evidence ⬩67(2)—Insanity presumed to continue till formal discharge from asylum.**

In the absence of testimony to the contrary, it is presumed that insanity of a person who had been committed to the insane asylum continued until she was finally discharged from the asylum, though she was conditionally released before that time.

2. **Evidence ⬩89—Evidence held not to show conclusively restoration to sanity before period of limitations.**

In a suit upon the bond of the guardian of an insane person, testimony that more than two years before the institution of the suit the insane person had done her own housework, transacted her own business, and was granted a divorce from her husband, after she had been released from the insane asylum on furlough, did not show her restoration to sanity as matter of law more than two years before the institution of the suit, in view of the presumption that her insanity continued until her final discharge from the asylum.

3. **Judgment ⬩593—Cause of action on guardian's bond held single and not to be split without consent.**

A cause of action on the bond of the guardian of an insane person to recover the sums unaccounted for by the guardian, and those with which he was improperly credited on his account, is a single cause of action, which cannot be split without the surety's consent.

4. **Judgment ⬩593—Guardian's surety held to have consented to splitting cause of action.**

Where suit was originally brought against the surety on the bond of guardian of an insane person for the entire amount received by the guardian, but the court in such suit refused to consider plaintiff's right to recover the portion of the amount with which the guardian had been credited by the probate court until the approval of the account was revived by the probate court, and the surety made no objection to the ruling and took no appeal from the judgment, it consented to the splitting of the cause of action, and cannot plead that judgment in bar in subsequent action for the amount credited.

5. **Insane persons ⬩45—Court held to have had jurisdiction to deny relief in prior suit.**

In an action on the bond of guardian of an insane person to recover the total amount received, the court had jurisdiction to deny the relief sought as to the amount received by the guardian, for which he had been given credit by the probate court of the county, though the court had no jurisdiction to review the probate decree on the accounting.

6. **Judgment ⬩590(1)—Failure to appeal from refusal to consider issue waives right to plead judgment in bar of later action.**

Where the court rendering former judgment expressly refused to consider the right to recover a portion of the money claimed by plaintiff, defendant's failure to appeal from such judgment waived its right to plead the judgment in bar of a subsequent action for that amount.

7. **Judgment ⬩590(1)—Not conclusive as to matters expressly excluded therefrom.**

The rule that a judgment is conclusive as between the parties of all matters which could

have been adjudicated is subject to the exception that it is not conclusive as to issues which the court in rendering the judgment expressly excluded from its consideration.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge.

Action by Mrs. Alice B. Landers against the National Surety Company. Judgment for plaintiff, and defendant appeals. Affirmed.

By an order of the county court of Hopkins county made July 3, 1912, A. P. Landers was appointed guardian of the person and estate of appellee, Alice B. Landers, his wife, who, the order recited, had been "adjudged to be a person of unsound mind." In March, 1914, said court made an order directing said A. P. Landers, as such guardian, to sell an undivided interest appellee owned in a tract of land. The court in the same order directed the guardian to make and file for approval a bond in "an amount equal to twice the value of said land and twice the amount for which said land is sold for." In compliance with the order the guardian sold the interest of appellee in the land for $6,050, and made and filed a bond in the sum of $12,100, which bond the court approved March 19, 1914. Appellant was the surety on the bond. January 28, 1916, the guardian filed a report showing that as such he had received said $6,050, and showing that he had expended of same sums aggregating $4,988.45, leaving $1,061.55 still in his hands. Said report was approved by said county court by an order made October 26, 1916. Afterwards, but at a time not shown by the record, by a suit she brought on said bond in the district court of Hopkins county, numbered 5901, appellee sought a recovery against the guardian and appellant, as his surety, of the $6,050 the guardian had received for her account as stated, on the ground that the guardian had wrongfully and fraudulently misused same for his own benefit. It does not appear from the record that A. P. Landers answered the suit, but it does appear that he died while it was pending. Appellant answered, setting up, among other things, that the report of the guardian hereinbefore referred to, showing expenditures by him on account of appellee aggregating, as aforesaid, $4,988.45, was duly approved by said county court, and for that reason she was not entitled to recover that much of the sum she sued for. The trial of the suit resulted in a judgment (rendered September 9, 1920) in appellee's favor against appellant for $1,061.55, which was duly paid to her by appellant. In the judgment was a recital with reference to the report of the guardian above referred to, as follows:

"The court refuses to pass upon the items set forth in said report, for the reason that the court is of the opinion that a bill of review should be first taken by the ward, Mrs. Alice B. Landers, in the probate court before this court would have jurisdiction to change, correct, or modify such report or account in any respect, and the amount of $1,061.55 for which judgment is rendered herein for the plaintiff, as aforesaid, is the amount and difference between the aggregate of said report and the total amount received by the said guardian."

September 13, 1920, appellee sought by a bill of review she then filed in said county court to have the order of that court approving the guardian's report so modified as to disapprove and expunge therefrom credits he claimed amounting to $3,850. Appellant, on grounds which need not be stated, contested the right of appellee to the relief she sought. At the hearing, had November 5, 1920, said county court granted the prayer of appellee as to items aggregating $2,950, and modified the order previously entered approving the guardian's report accordingly. At the same time said county court entered an order discharging appellee from control by the court and restoring her property to her. Appellant gave notice of an appeal to the district court from the order of said county court modifying the order approving the guardian's report, and a transcript of the proceedings in said county court was filed in the district court December 10, 1920. In the meantime, to wit, on November 12, 1920, appellee had commenced a suit (numbered 6110) in said district court to recover of appellant as the surety on said guardian's bond, said sum of $2,950, representing credits the guardian claimed in his said report, and which said county court, at the hearing of appellee's bill of review disapproved as aforesaid. In its answer appellant set up as reasons why a recovery should be denied appellee: (1) The judgment in the suit she first brought on the bond, in which she was awarded the sum of $1,061.55, which appellant paid, as hereinbefore stated; and (2) that appellee's right to maintain the suit was barred by the statute of limitations of two and four years. By the consent of the parties the two suits—that is, the one commenced by appellee in said county court to review and correct the order approving said guardian's report, pending in said district court on the appeal prosecuted as aforesaid, and the one last referred to above commenced by appellee in the latter court to recover the $2,950—were consolidated and tried in said district court as one suit. The trial resulted in the judgment rendered January 29, 1921, from which this appeal is prosecuted, awarding appellee a recovery against appellant of said sum of $2,950, "being the amount," it was recited, "restored to her by the probate court of Hopkins county, Tex., in its judgment rendered on November 5, 1920, on her bill of review filed therein and appealed from by the National Surety Company,

which judgment is approved and is the amount sued for by the plaintiff, made up of the items shown therein." It does not appear from the record when, if ever, appellee was adjudged to be of unsound mind, but it does appear that she was admitted as a patient in the North Texas Insane Asylum June 18, 1908; that she was released from that institution on a furlough November 26, 1916, was discharged as improved April 18, 1917, and formally and finally discharged therefrom September 15, 1920.

Brooks, Worsham & Rollins, of Dallas, for appellant.

Wm. H. Atwell, of Dallas, for appellee.

WILLSON, C, J. (after stating the facts as above). [1, 2] The order of the county court approving the guardian's report was made October 26, 1916. By the terms of the statute (article 733, Vernon's Statutes) appellee was not entitled to have the order revised and corrected after the expiration of two years from that date, unless she was then of unsound mind, in which event she had two years after the removal of that disability in which to institute proper proceedings to have the order corrected. Appellant does not controvert testimony showing that appellee was of unsound mind and confined in an insane asylum from 1908 until after the date when the guardian's report was approved. Nor does it controvert the rule of evidence which required the trial court to presume, in the absence of testimony establishing the truth to be to the contrary, that appellee continued to be of unsound mind until she was finally discharged from said asylum September 15, 1920. Herndon v. Vick, 18 Tex. Civ. App. 583, 45 S. W. 852; Rowan v. Hodges, 175 S. W. 847; 16 Cyc. 1052; 10 R. C. L. 872. Its contention is that it appeared appellee recovered her reason more than two years before the time (September 13, 1920) she commenced the proceedings in the county court to revise and correct the order approving said report, and, as supporting the contention, appellant points to testimony of appellee as a witness that she had never been of unsound mind; that after she left the asylum in 1917 she did her own housework, transacted her own business without hindrance, and in 1918 or 1919 sued for and was granted a divorce from her husband. We do not think it should be said that this testimony established as a matter of law that appellee had recovered from the disability from which she suffered and was of sound mind during the two years preceding the time when she commenced the proceedings referred to. The question as to when she recovered from the disability we think remained one of fact for the trial court to decide, and we are not prepared to say he was not warranted in deciding it as he did. In addition to the presumption the rule referred to required him to indulge was the fact shown by testimony that appellee was not finally and formally discharged from the asylum until September 15, 1920, and the fact that the county court did not discharge her as restored to her right mind, and direct that the property she owned be restored to her, until November 5, 1920.

[3, 4] Appellant insists it appeared that appellee's cause of action on the guardian's bond was a single one, and therefore within the rule inhibiting the splitting of such a cause of action by the institution of more than one suit thereon, and providing that, when this is done, "the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a bar in the others." 1 C. J. 1106. We are inclined to agree that the cause of action was a single one, and therefore not divisible without appellant's consent and at the instance of appellee alone. 1 R. C. L. 343. But we are not prepared to say it appears from the record that the division was so made. On the contrary, we think it appears it was not made by appellee, but by the court when he refused to pass on appellee's claim of a right to recover more than the $1,061.55 he adjudged to her; and we think appellant is in the attitude of having consented to the division so made.

The suit appellee first commenced was for the whole amount she claimed appellant was liable to her for on the bond. The second suit was only for the items included in that amount which the court refused to pass on. As is shown by the recital in the judgment set out in the statement above, the refusal of the court to pass on said items was based on the view that they represented credits the guardian claimed in his report which only the county court had power to "change, correct, or modify."

[5, 6] Doubtless the view was a correct one; and if appellee's suit had been to revise and correct the report and order approving it, the conclusion of the court that he was without power to grant such relief would have been correct. But that was not appellee's suit. She did not seek relief of that kind. Her suit was to recover $6,050 which she alleged the guardian, while holding for her, wrongfully misused. The issues made by the pleadings in her suit were: (1) Whether she was entitled to recover any sum of appellant; and, if she was, (2) what amount she was entitled to recover. Plainly, the court had power to determine those issues, and he was not deprived of the power because it appeared in the evidence that inquiry by him as to appellee's right to recover part of the sum she sued for was precluded by a judgment of the county court. He could have determined, as he did, that appellee was entitled to recover $1,061.55 of the sum she sued for, and he could have determined that she was not entitled, because of her failure

to make the proof necessary to recover the remainder of that sum. If he might have done that, then the parties might have insisted on his doing it, and, had he refused, might have resorted to the means provided by law to have the refusal reviewed, and, if erroneous, corrected. Failing to do that, we think both appellant and appellee were in the attitude of consenting to the course pursued by the court when he refused to pass on the items in question. If that is true, then of course appellant should not be heard to insist that appellee was not entitled to maintain the second suit. 1 R. C. L. 342; 1 C. J. 1109.

[7] If the conclusion reached that appellant waived any right it had to object to the splitting of appellee's cause of action is erroneous, we think appellant's contention that the judgment in the first suit was conclusive against the right of appellee to recover as she did in the second suit nevertheless should be overruled. The general rule is that, as between the parties, a judgment is conclusive of all matters "put in litigation by the pleadings, and which could have been adjudicated in the suit." Whitman v. Aldrich, 157 S. W. 464, 471. The rule probably would apply to the judgment in the first suit, as appellant claims it does, but for the recital in it showing that the court rendering it refused to pass on the items forming the basis of the second suit. That recital, we think, brings the judgment within an exception to the general rule, to wit, that a judgment is not conclusive as to issues which the court rendering the judgment "expressly excludes from its determination." Converse v. Davis, 90 Tex. 462, 466, 39 S. W. 277; Pishaway v. Runnels, 71 Tex. 352, 9 S. W. 260. That the court rendering the judgment in question here did that is clear from the recital in that judgment set out in the statement above. Assignments not disposed of by what has been said are overruled.

The judgment is affirmed.