**SMITH et al. v. RIVIERE.**

No. 6556.

Court of Civil Appeals of Texas. Texarkana.

Feb. 15, 1951.

On Motion for Rehearing April 5, 1951.

On Second Motion for Rehearing March 13, 1952.

Pollard, Reeves & Boulter, and Lawrence & Lawrence, all of Tyler, for appellants.

Rex Emerson, Fairfield, Smith, Johnson & Hathaway, Tyler, for appellee.

HALL, Chief Justice.

This action was instituted on behalf of appellee against appellants for title and possession of a 93-acre tract of land located in Smith County. A second count sought cancellation of a deed dated March 20, 1943, from appellee to appellant Daisy Smith, on the grounds that appellee was mentally incompetent to execute said deed, that he was unduly influenced by appellant Daisy Smith and for failure of considera- tion. Appellants joined the issues and in a trial before a jury a verdict was rendered in favor of appellee, and, accordingly judg- ment was entered for appellee for title and possession of the land and removing the cloud cast upon appellee's title by the re- cording of said deed.

By their fifth point appellants assert that the trial court erred in admitting in evi- dence the jury verdict and judgment in the lunacy proceedings in the case of State of Texas v. Paul Riviere, dated April 22, 1946, "for the reason that such judgment was entered at a time long anterior to the ex- ecution of the deed on March 20, 1943." (Appellants evidently meant to use the word "subsequent" rather than "anterior" for the reason that the insanity judgment was subsequent to the execution of the deed sought to be cancelled by some three years. Both parties, however, to this ap- peal, in their briefs, have treated "anterior" as meaning "subsequent", and we have so treated it in this opinion.)

The deed from appellee to appellant Daisy Smith was executed in Tyler, Texas, on March 20, 1943. At the time of its execu- tion appellee was on furlough from the United States Navy. The record shows that shortly before Christmas, 1942, ap- pellee joined the United States Navy, was stationed at Norfolk, Virginia, where he remained until the early part of March, 1943, and was transferred from there to Gulfport, Mississippi. Appellee received a furlough at Gulfport and returned to Tyler, Texas. During his stay in Tyler he spent a portion of his time in the home of appellants, where he had resided for some years prior to joining the Navy. March 20, 1943, the day the deed in question was ex- ecuted by appellee, was either the day, or the day before, he returned to his post at Gulfport, Mississippi. Appellee reached Gulfport on or about the 23rd day of March, 1943, and an examination by the Navy Medical Department March 25th re- flected that he was suffering from dementia praecox. On March 26th he was trans- ferred to United States Naval Hospital, Pensacola, Florida, where another examina- tion confirmed the diagnosis. On April 1, 1943, appellee was transferred from the Naval Hospital in Pensacola to the Naval Hospital at Bethesda, Maryland, and another examination revealed that he was still suffering from dementia praecox and was unfit for service. Appellee was trans- ferred from Bethesda to St. Elizabeth Hos- pital on June 17, 1943, and was admitted to Veterans Hospital at Waco November 11, 1944. The record is without dispute that

sometime in 1942, appellee received "shock treatment" at the John Sealy Hospital at Galveston. On April 21, 1948, after appellee had been adjudged insane on April 22, 1946, by the County Court of Smith County, and while confined in Veterans Hospital at Waco, he wrote the following letter to Mr. and Mrs. Smith:

"Dear Mr. and Mrs. Smith:

"Your visit being so short there are lots of things I did not get to tell you. My trial for insanity. A child would understand Frank's reason for the trial. To try to fix it so that he would inherit a part of my farm at my death. He lied to me after the trial and said property had nothing to do with the trial. He wanted the jury to say that I was insane when I signed the paper I gave you. During his testimony while on the stand he told several lies. He said I was in the hospital at Galveston four to six weeks. As you know, I was there only two weeks. Those lies were of course to influence the jury.' He also lied about what I was worth. He said only about ten thousand dollars. When I sold my interest in the Riviere Bottling & Mfg. Co. Frank made the statement himself that the two hundred ($200.00) that I was to receive per month was equivalent to an investment of forty to fifty thousand dollars. If I did not still own it at the trial what had become of my interest. Maybe it had already been taken care of as they would call it. My being taken out of the service was also a plan as I have told you before.
                    "As ever Paul."

The above letter was introduced in evidence by appellants over the objection of appellee "that it was the act of an insane person at this particular time under a proper adjudication of insanity as of the date of the instrument, April 21, 1948; therefore it would not be competent testimony."

■■■ Based upon this letter, introduced by appellants, the trial court permitted the introduction of the judgment and jury ver-

dict in the lunacy hearing against him of April 22, 1946, by appellee over the objection of appellants that the lunacy judgment was anterior (subsequent) to the incident at issue (execution and delivery of the deed) and is immaterial and irrelevant. In our opinion this letter in the light of the record and the appellee's objection thereto should not have been admitted in evidence. Unquestionably it was the act of an insane person so adjudged by a court of competent jurisdiction. The letter was not admissible either for or against appellee without proof before the trial court with respect to the mental competency of the appellee at the time he wrote the letter. It is undisputed in this record that at the time appellee wrote the letter he was in the Veterans Hospital in Waco by force of a judgment of insanity by the County Court of Smith County. Herndon v. Vick, 18 Tex.Civ.App. 583, 45 S.W. 852, West Lumber Co. v. Henderson, Tex.Civ.App., 238 S.W. 710; Id., Tex.Com.App., 252 S.W. 1044; National Surety Co. v. Landers, Tex.Civ.App., 235 S.W. 275; Safety Casualty Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879. We recognize the rule announced in Uecker v. Zuercher, 54 Tex.Civ.App. 289, 118 S.W. 149 (writ refused); Tex.Civ.App., Joy v. Joy, 156 S.W.2d 547; Rowan v. Hodges, Tex. Civ.App., 175 S.W. 847. But, in our opinion, the letter having been wrongfully admitted in evidence, at the instance of appellants, the decretal part of the judgment of the trial court became admissible on behalf of appellee to establish his status as an insane person at the time he wrote the letter. But certainly the contents of that judgment, especially the jury verdict contained therein, was not admissible as bearing on the condition of appellee on the prior date when he executed the deed in question. The jury's answer in the insanity hearing to question 4, which was copied in the insanity judgment, and admitted in evidence before the jury, was that appellee's present attack of insanity (April, 1946) had lasted about three years. This would fix the beginning of appellee's attack of insanity from which he was suffering as having begun on or about the date he executed the

deed in controversy, and would throw the full weight of the jury finding in the insanity case against appellants' contention that appellee was sane when he executed and delivered the deed to them. The admission of the insanity judgment, in our opinion, should have been limited to the fact that it adjudicated appellee insane in 1946. The action of the trial court in admitting the verdict of the jury presents error for which this cause must be reversed and remanded. Especially is this so in the situation here where the record presents a sharply contested issue as to the sanity of appellee on the date he executed the deed under inquiry.

We have examined all other points presented by appellants and in our opinion they are without merit and they are overruled.

For the reasons indicated above the judgment of the trial court is reversed and the cause is remanded for a new trial.

On Motion for Rehearing

█ Appellee in his motion for rehearing contends that we erred in reversing and remanding this cause for the admission in evidence of that portion of the insanity judgment containing the special issues and the jury's answers thereto, especially special issue No. 4 and the jury's answer that appellee's present attack of insanity had lasted about three years, because appellant's objection in the trial court was to the admission of the judgment and special issues as a whole and not to any specific part thereof. At the time the insanity judgment and special issues were offered the following colloquy occured between the trial court and the attorney for appellants, Hon. Dewey Lawrence, and appellee's attorney, Hon. Rex Emerson:

"Mr. Emerson: We offer this instrument marked plaintiff's exhibit 6 in evidence, being judgment and special issues in lunacy in the case of the State of Texas v. Paul Riviere.

"The Court: What is the date of it?

"Mr. Emerson: Filed in 1946.

"Mr. Lawrence: To which we object, it is anterior to the incident at issue, and it is immaterial and irrelevant.

"The Court: I think in view of the fact you introduced a letter in which it was stated about this, that this is admissible, in view of that.

"Mr. Emerson: That's why we are trying to get this introduced.

"Mr. Lawrence: I read the letter and nothing was said about what was done on any adjudication about it.

"The Court: It referred to a trial for insanity, and this is the trial.

"Mr. Lawrence: How do you know? It doesn't say; it doesn't refer to this trial; and doesn't refer to the results of it; it was merely a passing statement of this man; it doesn't say whether he was convicted or not convicted.

"The Court: I think in view of the fact you put the other in, that is admissible.

"Mr. Lawrence: If he is insisting on it, we will be happy to rely on our bill of exception.

"Mr. Emerson: I will read this.

"(Reporter's Note: Judgment and special issues in lunacy, which had been identified as Plaintiff's Exhibit 6, was read to the jury by Mr. Emerson.)."

It is clear from the above that the only objection leveled at this testimony by appellants was that it was immaterial and irrelevant. This objection was to the offer as a whole, that is, the judgment of insanity and the special issues and not to any particular portion of same. Since appellants had introduced the letter written by appellee to appellants, over the objection of appellee, "that it was the act of an insane person at this particular time under a proper adjudication of insanity as of the date of the instrument (letter) 4–21–48, therefore it would not be competent testimony." The decretal portion of the insanity judgment was admissible, as held in our original opinion, to counteract the letter theretofore introduced by appellants. This being the case a general objection to the whole of the evidence, where a portion was admissible, would not reach the inadmissible part of same unless it was specifically pointed out, and we were in error in holding otherwise

in our original opinion. In Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339, 341 (Com.App., opinion approved by Sup. Ct.), by Judge Hickman, it is said: "A general objection to evidence as a whole, whether it be oral or documentary, which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible."

For the reason indicated above appellee's motion for rehearing is granted and the judgment of the trial court is affirmed.

### On Second Motion for Rehearing

WILLIAMS, Justice.

Appellee was permitted to introduce in evidence a series of three properly authenticated photostatic copies of Navy medical reports, each of which dealt with the alleged mental and physical condition of appellee as a result of examinations made subsequent to March 20, 1943, date of the deed.

The first medical report deals not only with the findings of that medical board as a result of their examination and his acts, conduct and responses on the occasion of the examination, but also proceeds further and details in great length this man's life from the age of six; his alleged excessive drinking habits over past years; his alleged shock treatment in a Galveston medical center prior to his entry in the military service; his past associates; his belief at the time that he was the subject of evil gossip and then being ostracized by his mates; and concludes that he was then suffering from dementia praecox, which condition existed prior to his entry in the military services. The second medical report in time, sets out with many details the contents of the first report, and likewise the third report made in still another city substantially sets out the detailed history that was contained in the former reports.

Neither the provisions of U.S.C.A., Title 28, Sec. 661 [now § 1733 of Title 28], urged by appellee in support of the admissibility of each report in its entirety, nor the provisions of Art. 3731a, Vernon's Ann.Civ.St., that became effective subsequent to the trial, will authorize the introduction in evidence, over the timely and specific objections then urged by appellants, of such portions of the hearsay evidence in the reports which were based on further hearsay evidence. It appears that the second report was based in a large part on the detailed history in the first report and repeated in the second, and likewise the third report repeats the details of the first two.

Neither statute expresses or implies an intent to abrogate the well-settled principle of the common law of the inadmissibility of hearsay evidence based on further hearsay evidence. As stated in 20 Am. Jur., p. 766, and applicable here, "Documentary evidence, when offered in evidence is subject to the same rule of evidence respecting relevancy, competency or materiality as to oral testimony." And for the application of this rule see Joy v. Joy, Tex. Civ.App., 156 S.W.2d 547, 550 (r. w. m.); International & G. N. R. Co. v. Boykin, 32 Tex.Civ.App. 72, 74 S.W. 93, 95; Texas Indemnity Ins. Co. v. Gannon, Tex.Civ. App., 38 S.W.2d 181, 183.

In view of the prejudicial effect of the admission of such portions of the medical reports above alluded to; the intermittent character of his alleged ailment and appellee's explanations of his execution of an instrument, justice will be better served by a reversal of the judgment and a remand of the cause, and appellant's motion for a rehearing is granted.

The judgment is reversed and the cause is remanded.