PAN AMERICAN INSURANCE COMPANY, Appellant,

v.

Clyde J. COUCH, Appellee.

No. 6983.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 5, 1957.

Rehearing Denied Oct. 10, 1957.

Ramey & Ramey, Sulphur Springs, for appellant.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellee.

FANNING, Justice.

Pan American Insurance Company has appealed from a lump sum total permanent disability judgment rendered against it in favor of Clyde Couch in a Workmen's Compensation Insurance case tried before a jury.

Appellant in its brief presents two points on appeal. Its first point reads as follows: "The Trial Court erred in refusing to permit the introduction by Defendant into evidence a portion of the business records kept by Rockwell Valves, Inc., in the regular course of its business when such records were material and relevant and were properly authenticated under the terms and provisions of Article 3737e, Revised Civil Statutes of the State of Texas [Vernon's Ann.Civ.St.]."

Appellee Couch on April 27, 1956, during the course of his employment for Red Star Fertilizer Company, an assured of appellant insurance company, while on a high ladder and filling a tank of his employer, breathed ammonia fumes and fell about 14 feet from the ladder to the ground. Couch contended that in the fall he struck his back on some bricks on the ground, severely injuring his back and resulting in total and permanent disability. He also contended that he had recovered from the injury that he received as a result of breathing ammonia and sought no compensation for such injury. Couch was carried to a hospital, placed in an oxygen tent, was treated for the injuries resulting from the breathing of ammonia, and stayed in the hospital about nine days. It was a controverted matter as to whether Couch complained of his back injuries during his initial stay at the hospital or until he went to the hospital again on June 7, 1956. Couch prior to his injury of April 27, 1956, had made written application for employment with Rockwell Valves, Inc., which was a concern not connected with Red Star Fertilizer Company. On June 5, 1956, Couch was given a physical examination by Dr. S. B. Longino, Jr., on behalf of Rockwell Valves, Inc. Couch went to work for Rockwell Valves, Inc., on June 6, 1956, but testified that the first day was largely instruction and that he did no actual work. He complained of severe back and leg pains (as he testified that he had previously complained of from the beginning of his April 27, 1956, accident) and was placed in the hospital on June 7, 1956, where he was placed in traction, and treated for his claimed back injuries, and remained in the hospital about 23 or 24 days. The special issues submitted to the jury were answered favorably to appellee Couch upon amply sufficient evidence.

Appellant offered preliminary proof by its witness Long, an employee of Rockwell Valves, Inc., to the effect that the physical examination report of Dr. S. B. Longino, Jr., with respect to appellee Couch, was a

portion of the official business records of Rockwell Valves, Inc., and appellant then offered in evidence the report in question which report reads as follows:

"Rockwell Manufacturing Company
Physical Examination Form
Personal History

Name..Clyde Couch.. Age..46..M XXX ..Children under 16..1..

Address..609 Beckworth..Phone No. 5–2685

Height..5 ft. 8 in...Weight..176..Color.. Brown..Hair.   Blue Eyes..Complexion. Fair.

History of serious illness, injuries, operations..Overcome by ammonia app. 2 mo. ago.—Developed a chemical bronchitis from which recovery has been complete.

Military or Naval Service.. months. Injured: Yes..No..X..Serious illness: Yes ..No..

Drawing disability compensation: Yes.. No..X..Explain....

Physical Examination

Appearance and posture .. Well developed adult male.

Eyes: Vision Snellen Chart No. ...Left 20/ Right 20/ ..Reflex to light and Accom. ..

With glasses Snellen Chart Left 20/ .. Right 20/ .. Close vision Left J Right J Occular movements.. Color blind; Yes.. No..To traffic signal colors ...

Ears: Hearing to whispered voice Left 20/20 ft. Right 20/20 ft. Drums perforated .. No..

Neck and mouth..Neg...

Teeth: Condition..Fair..Dentures No.. Disease of gums..No..Breath..Neg...

Chest:  Shape..Normal..Measurements: Full inspiration 40 in..Exp..35 in.  At rest ..37.

Pathology or deformity..None..

Heart   size..Normal..shape..normal.. murmurs..none..thrills..None..rate    at rest..74.

Rate after exercise..108..2 min. after..78 ..Blood pressure..130/86..Pulse pressure ..44..

Any abnormality or history of heart attack..No.

Abdomen: pathology or scars or hernias.. None.

Genito-Urinary..Neg...Blood Wasserman: Date 6/5/56..Result...

Bones, joints and extremities..Neg..Varicose Veins..None.

Nervous..Neg.. Romberg..Neg.. Gait.. normal.. Tremo..no.. Reflexes..normal.. Remarks.....

I consider this Applicant is..X..is not.. physically and mentally fit and is..x..is not.. recommended for work as......

Examined by..S.B. Longino, Jr...M.D. Address..Sulphur Springs, Texas."

Appellee's counsel made several objections to the proffered report, among which were to the effect that same was hearsay, that Doctor S. B. Longino, Jr., was not available for cross-examination and that Couch would be deprived of proper cross-examination of said doctor on his report, that same was prejudicial to plaintiff Couch, and other objections were made as shown in the record.  The trial court refused to admit the report in evidence.  Dr. S. B. Longino, Jr., did not testify in the case.

The report in question contained hearsay statements prejudicial to appellee's case and contained medical opinions and conclusions of Dr. S. B. Longino, Jr., which were prejudicial to appellee's case and if the report had been admitted in evidence, appellee would have been deprived of the valuable right to cross-examine said doctor on matters vital to appellee's case.  We hold that the trial court correctly refused to admit such report in evidence.  See the following authorities: Estes v. State, Tex. Cr.App., 283 S.W.2d 52; Smith v. Riviere, Tex.Civ.App., 248 S.W.2d 526; Page v. Scaramozi, Tex.Civ.App., 288 S.W.2d 909, wr. ref., n. r. e.; Roberts v. Dallas Ry. & Terminal Co., Tex.Civ.App., 276 S.W.2d 575, wr. ref., n. r. e.

In Estes v. State, supra, Articles 3731a and 3737e, V.A.C.S., were cited as author-

ity for introducing hearsay and conclusion evidence, which evidence was a letter written by the Bureau of Identification, Department of Public Safety of Texas, to the Abilene Police Department, complete with a certificate by the Bureau that it was a part of its official record. The Texas Court of Criminal Appeals in its opinion stated [283 S.W.2d 54]:

"None of the parties whose names were signed to these instruments appeared as witnesses.

"The exhibits were admitted over the objection that same were hearsay and self-serving, denied appellant's constitutional right of being confronted with the witnesses who were going to testify against him and deprived him of the opportunity to cross-examine the witnesses who signed the instruments.

"The objection was well taken and should have been sustained, and the admission of the exhibits requires that the conviction be set aside."

In Smith v. Riviere, supra, it is stated [248 S.W.2d 530]:

"Appellee was permitted to introduce in evidence a series of three properly authenticated photostatic copies of Navy medical reports, each of which dealt with the alleged mental and physical condition of appellee as a result of examinations made subsequent to March 20, 1943, date of the deed.

\* \* \* \* \* \*

"Neither the provisions of U.S.C.A., Title 28, Sec. 661 (now § 1733 of Title 28), urged by appellee in support of the admissibility of each report in its entirety, nor the provisions of Art. 3731a, Vernon's Ann.Civ.St., that became effective subsequent to the trial, will authorize the introduction in evidence, over the timely and specific objections then urged by appellants, of such portions of the hearsay evidence in the reports which were based on further hearsay evidence. It appears that the second report was based in large part on the detailed history in the first report and repeated in the second, and likewise the third report repeats the details of the first two.

"*Neither statute expresses or implies an intent to abrogate the well-settled principle of the common law of the inadmissibility of hearsay evidence based on further hearsay evidence.* As stated in 20 Am.Jur. p. 766, and applicable here, 'Documentary evidence, when offered in evidence is subject to the same rule of evidence respecting relevancy, competency or materiality as to oral testimony.' And for the application of this rule see Joy v. Joy, Tex.Civ.App., 156 S.W.2d 547, 550 (r.w.m.); International & G. N. Ry. Co. v. Boykin, 32 Tex.Civ.App. 72, 74 S.W. 93, 95; Texas Indemnity Ins. Co. v. Gannon, Tex.Civ.App., 38 S.W.2d 181, 183." (Emphasis supplied.)

In Page v. Scaramozi, supra, it is stated [288 S.W.2d 911]:

"In the course of the trial, defendant offered in evidence certain entries made in a diary kept and signed by Robert M. Brent, who at the time of trial was deceased. In the course of the construction work, he was the representative of the State Highway Department. The diary was an official and permanent record of the Department. The court sustained plaintiffs' objections to certain entries concerning matters which were cumulative or admitted. The entry made on May 23, 1954, the date of the accident, was also, on objection, excluded. The exclusion is assigned as error. The entry was:

" 'Had fatal accident on job at approx. 10:00 A.M. at intersection of Ribsby and Elgin Streets. Pick up truck going North on Elgin did not stop on entering highway. Hit pile of excavated material from culvert and turned over. Road was dry and visi-

bïlity unlimited at time of accident. Barricades and warning signs were posted and protection to travelling public seemed adequate.'

"Plaintiff admitted the diary was an official record, but objected because it contained ex parte statements, was heresay and embraced conclusions and opinions. The objections were properly sustained. Roberts v. Dallas Ry. & Terminal Co., Tex.Civ.App., 276 S.W. 2d 575; Smith v. Riviere, Tex.Civ. App., 248 S.W.2d 526, 530; Union Central Life Ins. Co. v. Boulware, Tex. Civ.App., 238 S.W.2d 722."

In Roberts v. Dallas Ry. & Terminal Co., supra, it is stated [276 S.W.2d 578]:

"Appellee insists that these parts of the said record were admissible as bearing on her earning power, financial situation, and the condition of her health. Those portions of these records reflecting these specific matters might conceivably be admissible, but the matters here complained of and set out go far beyond that, and in addition to beng irrelevant and prejudicial are hearsay and double hearsay in some instances. *Appellee insists that these matters come under the exception to the hearsay rule regarding public records of an official nature. We do not find that these items measure up to the requirements of such exception. The authorities clearly indicate that the exception applies to official records of a routine nature concerning events, reports, acts or returns of an official or employee, and certainly cannot be extended to include mere opinions and impressions of case workers and opinions of third parties conferring with case workers.*"

Appellant's first point is respectfully overruled.

The second point in appellant's brief contends that the trial court erred in permitting certain cross-examination by appellee's counsel of appellant's witness Newman. No authorities are cited in appellant's brief in support of its second point. We have carefully examined appellant's second point and are of the opinion that same does not present reversible error under the record in this case. We respectfully overrule appellant's second point.

The judgment of the trial court is affirmed.