**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**David Vega NESMITH, Appellee.**

**No. 1214.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1977.

Michael J. Westergren, County Atty., Andrew J. Lehrman, Asst. County Atty., Corpus Christi, for appellant.

Fisher Alsup, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a driver's license suspension case. David Vega Nesmith (Nesmith) was involved in an automobile accident in the City of Corpus Christi, Texas, on October 9, 1975. He was notified on December 9, 1975 by the Department of Public Safety (Department) that his driver's license and his motor vehicle registration licenses would be suspended as of December 30, 1975, unless he took appropriate action to prevent such suspension. Pursuant to his request for an administrative hearing, a petition therefor was duly filed in the Municipal Court of Corpus Christi, Texas, and at a hearing thereon which was held on February 12, 1976, it was ordered that Nesmith's driver's license registration of motor vehicles owned by him be suspended "as provided in Article 6701h, V.A.T.C.S., Section 5," and that a "security deposit of $1,064.00" be submitted to the Department within 20 days after the hearing. Nesmith appealed to the County Court at Law of Nueces County, Texas, where a trial de novo was held before the court. Judgment was rendered on January 5, 1977, which, in effect, decreed that the evidence as to the amount and extent of the damages to the other vehicle involved was insufficient to suspend Nesmith's driver's license and motor vehicle registration licenses. The Department has appealed.

The Department, in an appeal to the county court from an administrative order suspending a driver's license, if the suspension is to be upheld, is required to prove by competent evidence: 1) the occurrence of an automobile accident in which the affected driver of an automobile is involved; 2) the geographical location of the accident; 3) the probability of judgment being rendered against such person if suit should be brought against him or her by either the owner or the occupants of the other vehicle involved in the accident; and, 4) damages for personal injuries and /or property loss, if any, sustained by any of the other persons. The questions to be answered in this appeal are whether the Department met its burden of proof with respect to the probability of judgment and property damage factors.

The only evidence consisted of Nesmith's testimony; certain official records of the Department which were introduced by the Department under the provision of Tex. Rev.Civ.Stat.Ann. art. 3731a (Supp.1977); and the testimony of David Contreras, Jr., who stated that he was a "driver's license trooper" and a "deputy custodian of records" of the Department. The accident occurred at a street intersection in Corpus Christi, and was investigated by a Corpus

Christi City policeman. He did not testify at the trial in the county court. According to the policeman's report, Nesmith was driving "Car No. 1" and Normaprocha Trevino was driving "Car No. 2" immediately prior to the collision. "Car No. 2" was owned by Raul Villalpando.

The Department's records, upon which it relied in determining the probability of judgment, consisted of the investigating officer's report and a statement by the "Manager of Safety-Responsibility, Texas Department of Public Safety," the duly authorized custodian of the Department's records. The investigating officer's report showed that Nesmith's car struck the Trevino car, and that the collision occurred at an intersection of two streets in Corpus Christi. The report did not indicate the monetary amount of damage to "Car No. 2", but simply noted that it had a damage rating of "RP–3". The pertinent parts of the statement read as follows:

"The accident occurred as set out in the attached copy of the investigating officer's report and the probability of a judgment was determined from the following facts:

\* \* \* \* \* \*

Cause factor: Driver # 1 Southbound on South 19th. Driver # 2 Eastbound on Agnes. Driver # 1 disregarded flashing red light and collided with Driver # 2. Reports indicate no negligence on part of Driver # 2.

Property Damage Reports indicate $900.00 damage sustained to 1973 Chrysler owned by Raul Villalpando.

\* \* \* \* \* \*

The facts listed above were taken from the driver's accident reports and relied upon and used in evidence by the Department under the specific authorization of Section 3, Article 6701h, V.A.T.C.S."

State Trooper Contreras testified on behalf of the Department. He said that he knew from his own personal knowledge that the Department based the amount of damages upon collision estimates obtained from the party that the Department determined was not negligent in the collision and that those records were kept in Austin at all times. He further stated that he did not investigate the accident in question; that he did not have any personal knowledge about those automobiles; and that he had not seen either of the vehicles since the accident.

Nesmith testified that immediately preceding the collision, he was proceeding along 19th Street; that he did not see the red light at the intersection of 19th and Agnes streets; and that he hit the other automobile "right in the middle" without sounding a horn or applying his brakes. He further testified that he was given a "ticket" and that he paid a fine for "disregarding a flashing red light"; however, he also stated that the accident was as much the fault of the driver of the other car as it was his because "they had a blinking yellow light, too," and that both he and the driver of the other car "were negligent" at the time in question. He said that he had not been contacted by the parties involved in the accident nor had he been served with a citation notifying him that they had filed suit against him, nor had he received any other form of notice that those parties intended to obtain judgment against him as a result of the accident. He also testified that he did not have automobile insurance at the time of the accident; that he had not received a written release from the driver or passengers of the other automobile; that he had not agreed with any of those parties to pay for the damage to the car by an installment agreement, or otherwise; that he had not made a deposit of security to take care of the damage sustained by the other vehicle, nor had he demonstrated proof of financial responsibility for three years; and, that subsequent to the suspension of his driving privileges by the Department he had not filed proof of financial responsibility for the future. In answer to the question: "Do you know what the damage to the other vehicle was?", he replied: "No, sir."

The Department asserts that departmental records introduced pursuant to Tex.Rev.

Civ.Stat.Ann. art. 3731a (Supp.1977) established the extent of damages to the automobile being driven by Trevino as the amount of security required in this case. The pertinent part of Article 3731a provides:

"Section 1. Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3."

The provisions of Section 3 of the statute have no bearing on this appeal. The Department further asserts that it was incumbent upon Nesmith to contradict or rebut the validity of the recital in the report on the probability of judgment that "Property damage reports indicate $900.00 to 1973 Chrysler owned by Raul Villalpando." In support thereof, it cites cases wherein it has been held that abstracts of judgments of convictions are admissible and constitute evidence that a driver is a habitual violator of traffic laws in actions to suspend his driving privileges. See *Texas Department of Public Safety v. Miller*, 386 S.W.2d 760 (Tex.Sup.1964). The cases relied upon by the Department are distinguishable on the facts from the case at bar. There, the official records consisted of abstracts of judgments which "must be certified by the person so required to prepare the same to be true and correct." Tex.Rev.Civ.Stat. Ann. art. 6701d § 152 (1977); *Rice v. State*, 163 Tex.Cr.R. 367, 292 S.W.2d 114, 116 (1956). Here, there are no abstracts of judgments of convictions in the Department's records.

■ Tex.Rev.Civ.Stat.Ann. art. 3731a (Supp.1977), which permits the introduction of official public records or certified copies thereof in evidence, is an exception to the hearsay rule. See 24 Tex.Jur.2d, Evidence, § 578. However, the contents of such records, when such records are offered in evidence, are subject to the same rules of

evidence respecting relevancy, competency, or materiality as any other evidence. *Smith v. Riviere*, 248 S.W.2d 526 (Tex.Civ. App.—Texarkana 1951, no writ). Therefore, even though the official public records or certified copies thereof are admissible in evidence, that does not mean that ex parte statements, hearsay, conclusions and opinions contained therein are admissible. Furthermore, the admissibility of the records does not authorize the consideration of any hearsay based on hearsay, or of any conclusion therein which is not shown to have been made by an official or employee of the Department who had personal knowledge of the facts upon which the conclusion is based. *Smith v. Riviere*, supra; *Texon Drilling Co. v. Elliff*, 216 S.W.2d 824 (Tex. Civ.App.—San Antonio 1948, writ ref'd n.r. e.). Incompetent evidence, though admitted at the trial, shall not be considered as having any probative value on appeal. *Henry v. Phillips*, 105 Tex. 459, 151 S.W. 533 (1912); *Engineered Plastics, Inc. v. Woolbright*, 533 S.W.2d 906 (Tex.Civ.App.— Tyler 1976, no writ).

■ The statement in the record, "Reports indicate no negligence on part of Driver # 2", was made by the Department's Manager of its Safety-Responsibility Division. The only "report" in the records is that of the Corpus Christi City policeman, who investigated the accident. The statement is based solely on the report of the investigating officer, who was neither an official nor employee of the Department. In that posture of the record, the statement is no more than an opinion or a conclusion by the Department's employee. It has no probative value. See *Page v. Scaramozi*, 288 S.W.2d 909 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.); *Roberts v. Dallas Railway & Terminal Company*, 276 S.W.2d 575, 578 (Tex.Civ.App.—El Paso 1953, writ ref'd n.r.e.).

It is conclusively shown by the record in this case that the Department, in making the determination that the Villalpano automobile was damaged in the collision, relied solely upon the contents in the "driver's

accident reports" as evidence of that fact. The official records of the Department in evidence do not contain any "driver's accident reports". Therefore, the evidence upon which the Department says it "relied upon" was not before the trial court. Moreover, there is no showing that the fact of damage to "Car No. 2" was determined by any official or employee of the Department based on personal inspection of the automobile.

The only deduction which can be drawn from the Department's records is that Normaprocha Trevino, the driver of the Villalpano vehicle, told someone that the automobile which she was driving was damaged in the collision and that someone then told the proper official in the Department of the collision estimate. The fact of damage and the amount of damage ($900.00), if any, to the Villalpano automobile was established solely by the piling of hearsay upon hearsay, which is not permitted by Art. 3731a, or otherwise. Moreover, the portions of the Department's records concerning damage cannot be considered as an exception to the hearsay rule as a business record since the driver of the Villalpano automobile was not a part of the Department organization with a duty to make such a statement. Tex.Rev.Civ.Stat.Ann. art. 3737e (Supp.1977). Also, there is no showing that the fact of damage was within the personal knowledge of the employee recording or transmitting the information. See *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298, 305 (Tex.1962).

The record before us shows that the Department did not sustain its burden of establishing by competent evidence that 1) there is a probability of judgment against Nesmith in a civil suit brought against him by the owner or occupants of the Villalpano automobile, and 2) the fact that the Villalpano automobile was damaged in the collision to the extent of $900.00. We have considered all of the Department's points of error, and they are all overruled.

The judgment of the trial court is AFFIRMED.