**Howard Jerome OLSON, Appellant,**

**v.**

**The TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. A2122.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 19, 1979.

John C. Connolly, Houston, for appellant.

Joe Resweber, County Atty., David H. Melasky, Asst. County Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

In a trial de novo in a county court at law, appellant's driver's license and automobile registration were suspended. He appeals on the grounds that there was no evidence or, alternatively, factually insufficient evidence to support the judgment.

On August 20, 1976, an automobile driven by Howard Olson (appellant) was involved in an accident with an automobile driven by Jayson Stewart. The Texas Department of Public Safety (appellee) thereafter administratively suspended appellant's driver's license and automobile registration for his failure to comply with Texas law requiring liability insurance. Appellant sought and obtained a trial de novo in a county court at law. In response to special issues the jury found by a "preponderance of the evidence" that appellant negligently "failed to keep his vehicle on the proper side of the center line of the roadway"; that such negligence was a proximate cause of the accident; that Jayson Stewart suffered compensable personal injuries; and that the car driven by Jayson Stewart had been substantially reduced in market value. Based on those findings, the trial court determined that there was a reasonable probability of a judgment being entered against appellant as a result of the accident and ordered the suspension of appellant's driver's license and automobile registration, conditioned on appellant's deposition of security in the amount of $15,000.00 and filing proof of financial security with the appellee, Texas Department of Public Safety.

In his first three points of error, appellant urges that there was "no evidence" to support the jury's answers to the liability issues. In determining whether there is "no evidence" to support the jury answers, we must consider only the evidence and inferences which tend to support the findings of the jury and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965).

Article 6701h, § 5(a), (b), and (c), Tex. Rev.Civ.Stat.Ann. (1977), provides that if the owner of an automobile involved in an accident in which personal injuries or property damages of at least $250.00 have resulted, and if "there is a reasonable probability of a judgment being rendered against the person as a result of the accident" the

Department of Public Safety may suspend the driver's license and vehicle registration of such owner. If, after a hearing, the Department has suspended the license and registration of that person, he or she is entitled to an appeal de novo in the county court of the county in which the hearing was held.

It has been determined that "the Department, in an appeal to the county court from an administrative order suspending a driver's license, if the suspension is to be upheld, is required to prove by competent evidence: 1) the occurrence of an automobile accident in which the affected driver is involved; 2) the geographical location of the accident; 3) the probability of judgment being rendered against such person if suit should be brought against him or her by either the owner or occupants of the other vehicle involved in the accident; and, 4) damages for personal injuries and/or property loss, if any, sustained by any of the other persons." *Texas Dept. of Public Safety v. Nesmith*, 559 S.W.2d 443, 445 (Tex.Civ.App.-Corpus Christi 1977, no writ). An essential element of the Department's burden would be a showing that the owner or operator was at fault, since the lack of such liability would defeat the probability of a judgment being rendered against the person.

In the case at bar, the driver of the other car, Jayson Stewart, testified that he could recall nothing about the accident. The investigating officer stated that he had no opinion as to how the accident may have occurred and no eye witnesses to the accident testified. Photographs introduced into evidence give no indication as to how the accident occurred, nor were they introduced for that purpose. Appellant did not testify by deposition or otherwise. As a result, the record contains insufficient evidence from which any deductions as to liability could be drawn by the jury.

The officer testified that the debris from the collision was concentrated mainly in the southbound lane, perhaps indicating that one car had crossed the center stripe of the road. The record does not show, however, the direction the cars were traveling when the collision occurred. Thus, there is not even circumstantial evidence from which the jury could determine liability. Appellee contends that the investigating officer prepared a blackboard sketch of the scene to depict the final resting position of the automobiles at the accident and that the jury could infer from that sketch and from the officer's testimony that appellant negligently drove his automobile over the center line. That sketch was neither offered nor admitted into evidence. As a consequence it was not preserved as a part of the record.

■ The department must show that there is a reasonable probability of judgment being rendered against the appellant. We agree with appellee's contention that this involves a lesser standard of proof than required in the usual civil case for damages. The hearing and the trial de novo are not intended to adjudicate the rights and liabilities of the uninsured motorist but rather, the purpose is to determine if there is a reasonable probability that the motorist *may* be liable in a civil case. A full adjudication of the issue of liability is not required under the statute.

■ Some credible evidence, however, must be introduced and preserved as part of the record in order to support the findings and the judgment. Since there is some evidence to suggest a head on collision, if it could be determined in which direction the cars were traveling at the time of the collision, then the record might contain some evidence sufficient to satisfy this lesser standard of proof. The evidence has not been fully developed on the issue of liability. Therefore, the cause should be remanded for a new trial instead of rendering, in order to better serve the interest of justice. Tex.R.Civ.P. 434.

We reverse and remand the cause to the trial court.

Reversed and remanded.